**CITY OF SAN BENITO, Appellant,**

v.

**Clarence Arthur EBARB, Jr., et al., Appellees.**

**No. 13-01-859-CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 18, 2002.

Rehearing Overruled Sept. 19, 2002.

Marcus Montalvo, Montalvo & Ramirez, McAllen, for Appellant.

Janice A. Cassidy, San Benito, for Appellee.

BEFORE: Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

CASTILLO, J.

This is an interlocutory appeal from the denial of a plea to the jurisdiction.[1] In one

---

1. We have jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code which provides that an appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in section 101.001 of that code. TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp.2002). It is undisputed that the City is such a governmental unit.

issue, appellant City of San Benito ("City") asserts that the trial court does not have jurisdiction since appellees failed to exhaust their administrative remedies under chapter 143 of the Texas Local Government Code. We reverse and remand.

## Background

Appellees [2] are law enforcement officers employed by the City. On April 23, 1999, appellees filed suit against the City, claiming that the City "failed and refused" to compensate appellees in accordance with the requirements of city ordinance 2119 and seeking actual damages as well as pre- and post-judgment interest on those damages. Specifically, they claimed that ordinance 2119 had raised the base pay [3] for the sergeant, captain and major assistant chief classifications and thus plaintiffs, who were so classified, should have received the increased salaries. The City filed special exceptions to appellees' original petition stating that: (1) appellees failed to plead that a valid, enforceable contract came into being through an offer, acceptance, and consideration; and, (2) "to the extent that there existed a contract between San Benito and Plaintiffs because Plaintiffs have failed to plead and [sic] that all conditions precedent to the alleged contract have occurred." On October 10, 2001, the trial court signed an order sustaining both special exceptions. The order did not provide a deadline for amendment of the petition.

Subsequently, appellees filed their first amended petition. To this, the City filed special exceptions, asserting that, as appellees were alleging that the City was violating its own ordinance, they were attempting to raise a claim of negligence per se and had failed to properly plead such a claim and thus failed to give the City reasonable notice of the claims against it. The City did not obtain a ruling on its second special exceptions.

The City also filed a plea to the jurisdiction in response to the first amended original petition, asserting that: appellees failed to exhaust their administrative remedies; appellees were required to file suit in the district court; and the City was entitled to sovereign immunity. On the day of the trial, which was also the date of the hearing on the plea to the jurisdiction, but prior to the actual hearing, the appellees amended their petition and filed their "Third Amended Original Petition," [4] which the trial court granted leave to file at the conclusion of the hearing. Appellees also filed a response to the City's second special exceptions, denying the City's assertion that their cause of action was based upon "negligence per se" and urging that their First Amended Original Petition stated a claim for declaratory relief and judgment, noting that they had filed a Third Amended Original Petition which added a statutory reference to the Uniform Declaratory Judgments Act "for specificity and clarity." Their response to the plea to the jurisdiction, also filed that morning, likewise asserted that the cause was brought as a suit for declaratory judg-

2. The appellees are Clarence Arthur Ebarb, Jr., Arnoldo Garcia, Jose Sauceda, Ezequiel Torres, George M. Gomez and Ovidio I. Gonzalez.

3. Appellees claimed that the base yearly salaries had been increased from $21,320 for sergeants, $24,440 for captains and $26,520 for major assistant chiefs mandated by ordinance 2095 to $23,299 ($22,620 plus 3% annual increase), $27,316 ($26,520 plus 3% annual increase) and $29,458 ($28,600 plus 3% annual increase) for the respective positions under ordinance 2119.

4. Apparently the petition was actually the second amended petition but mistitled as the third.

ment and argued that sovereign immunity was therefore waived.

The trial court, after hearing arguments from both sides, denied the plea to the jurisdiction and this appeal ensued.

## Issue Presented

On appeal, the City complains only of the exhaustion of administrative remedies argument urged in its plea below. In particular, the City asserts that the trial court lacks subject matter jurisdiction over the appellees' claims because the pleadings do not and cannot by further amendment satisfy the requirement that appellees exhaust administrative remedies under chapter 143 of the Texas Local Government Code. More specifically, the City claims that the appellees should have filed a request with the Civil Service Commission for an investigation, hearing, and final determination of their complaint and that "ultimately" their claims must be heard in a state district court and not a county court.[5] Appellees counter that exhaustion of administrative remedies is not required because there is no mandatory exhaustion of remedies requirement applicable to this case.[6]

## Standard of Review

This appeal is strictly limited to our review of the trial court's ruling on the plea to the jurisdiction. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002). A plea to the jurisdiction is the vehicle by which a party contests the trial court's authority to determine the subject matter of the cause of action. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied). A governmental unit may properly challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction since absent the state's consent to suit a trial court has no subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999).

The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Mission Consol. Indep. Sch. Dist. v. Flores*, 39 S.W.3d 674, 676 (Tex.App.—Corpus Christi 2001, no pet.). A trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. *County of Cameron v. Brown*, 80 S.W.3d 549, 555–556 (Tex. 2002)

5. The City explains that the "claim for a declaratory judgment is tantamount to an appeal of a perceived *de facto* Civil Service Commission order allowing the supposed demotions. As such, the Appellees' appeal should be heard in a state district court."

6. Appellees contend that: (1) Chapter 143 of the Local Government Code does not contain a global statement that all disputes involving police officers are to be decided by appeal to the Civil Service Commission and there is no requirement nor provision directing salary disputes to be appealed to the Civil Service Commission; (2) the issue of demotion in this case is a legal issue over which the Civil Service Commission had no authority since it cannot construe statutes or ordinances; (3)

the Civil Service Commission is appointed by the City Commission and has no authority to direct the City Commission nor the ability to set base pay for employees nor does it have the authority to settle disputes between employees and the City Commission; and (4) appellant's failure to comply with section 143.054 of the Local Government Code deprived appellees of any opportunity to comply with the same because by the time appellees discovered appellant's action any appeal period had long since expired and thus relieved appellee of any such requirement; and (5) since no Civil Service Commission decision was sought or rendered, the requirement of section 143.015 of the Local Government Code to file in district court does not apply.

(citing *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001) and *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000)). In doing so, the trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction, *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989), and must take all factual allegations pled as true, unless the defendant pleads and proves that the allegations were fraudulently made in order to confer jurisdiction. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex.1996). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such defect is incurable, immediate dismissal of the case is proper. *Peek*, 779 S.W.2d at 804–05; *City of Austin v. L.S. Ranch*, 970 S.W.2d 750, 753 (Tex.App.—Austin 1998, no pet.). However, the mere failure of a petition to state a cause of action does not show a want of jurisdiction in the court. *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960). If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. *Brown*, at 555; *Peek*, 779 S.W.2d at 804–05. On appeal, because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). To determine whether the plaintiff has affirmatively demonstrated the court's jurisdiction to hear the case, we consider the facts alleged by the plaintiff, and to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *White*, 46 S.W.3d at 868. Like the trial court, we must construe the pleadings in the plaintiff's favor and look to the pleader's intent. *Brown*, at 555.

Our task is not to determine the merits of the case but rather to examine the petition, taking as true the facts pled, and determine whether those facts support jurisdiction in the trial court. *Baston v. City of Port Isabel*, 49 S.W.3d 425, 427–28 (Tex. App.—Corpus Christi 2001, pet. denied).

## Discussion

In the present case, the City asserts that the trial court lacks subject matter jurisdiction over appellees' claims because the pleadings do not, and cannot by further amendment, satisfy the requirement to exhaust administrative remedies under chapter 143 of the Texas Local Government Code. Appellees claim that the trial court properly denied the plea to the jurisdiction because their declaratory judgment action is the proper action to determine the validity of an ordinance and the Civil Service Commission has no authority to interpret statutes and ordinances.

We must first examine the appellees' pleading and the nature of the claim raised and relief sought.

### The Third Amended Original Petition

The City filed its plea to the jurisdiction against appellees' first amended petition. That petition is not in the record before us. However, prior to the hearing on the plea to the jurisdiction, appellees filed their "Third Amended Original Petition." During the hearing, the arguments focused on that petition and, at the conclusion of the hearing, the trial court granted leave for appellees to file the petition. Thus we will examine the claim made in the appellees' third amended petition.

In the third amended petition, appellees asserted that they were seeking declaratory relief and judgment, alleging that, by enacting ordinance number 2119 effective October 1, 1995, the City established new

salary classifications and created a "lieutenant" classification. Appellees claimed that representations were made to four of the appellees that in October 1995, they would be assigned this classification, with its attendant salary.[7] Appellees complained that during the fiscal year between October 1, 1995 and September 30, 1996, the City did not compensate them in accordance with ordinance number 2119 and they were deprived of the classification and salary which had been represented to them, along with the appropriate salary increases.[8] Appellees further urged that, after October 1996, the City deprived them of the benefits under ordinance number 2119 by enacting ordinance number 2143,[9] effective October 1, 1996, which they claimed reduced their salary from the previous year. They sought "declaratory relief and judgment in their favor" that: (1) they were entitled to be compensated in accordance with ordinance 2119; (2) they were entitled to receive the yearly increases which they would have received had appellant not reduced the salary classifications under ordinance 2143; and (3) Ebarb, Garcia, Sauceda, and Torres were entitled to receive the classification of lieutenant with "accompanying salary classification since October 1, 1995 with attendant yearly increases." They also sought "attorney's fees and reasonable and necessary costs of this suit, prejudgment and postjudgment interest and for such other and further relief" to which they might show themselves justly entitled.

*Exhaustion of Administrative Remedies*

The City argues that appellees are not seeking a declaratory judgment but are, rather, seeking review of alleged violations of the Firefighters and Police Officers Civil Service Act (hereinafter "Civil Service Act"). Tex.Loc. Gov't Code Ann. §§ 143.001–.363 (Vernon 1999 & Vernon Supp.2002). It argues that appellees' claim that the promulgation of ordinance 2143 necessarily resulted in a *de facto* demotion, falls directly within the purview of the Civil Service Act, and appellees thus must have first sought the administrative remedies related to demotions provided in that act. *See* Tex.Loc. Gov't Code Ann. §§ 143.054, 143.010, 143.015 (Vernon 1999 & Supp.2002) (dealing with demotions, commission appeal procedures and appellate review of commission decisions, respectively).

■■■ We disagree. The petition makes no reference to any civil service commission decision or in any way attempts to appeal any such decision. Nor does it complain of a demotion granted in violation of the Civil Service Act. Indeed, no violations of that act are alleged. The administrative remedies requirements of the Civil Service Act are not prerequisites to a declaratory judgment action regarding the construction or validity of a city ordinance. *See Garcia–Marroquin v. Nueces County Bail Bond Bd.,* 1 S.W.3d 366, 378 (Tex.App.—Corpus Christi 1999, no pet.) (exhaustion of administrative remedies not required where action seeks declaratory

7. These appellees are Ebarb, Garcia, Sauceda, and Torres.

8. The ordinance is "[a]n ordinance by the City Commission of the City of San Benito adopting a salary schedule for classified employees and providing for an effective date thereof, repealing Ordinance 2080 and all other ordinances in conflict thereof."

9. The ordinance is "[a]n ordinance by the City Commission of the City of San Benito adopting a salary schedule for classified employees and providing for an effective date thereof, repealing Ordinance 2119 and all other ordinances in conflict thereof." According to appellees, the ordinance decreased their base pay as set forth in Ordinance 2119 and "effectively result[ed] in a demotion."

judgment concerning applicability or validity of agency rule).

However, this determination does not answer the question of whether the trial court had jurisdiction to hear this suit nor does it satisfy our obligation on appeal. Appellant claims that a request for declaratory judgment was not proper as it was a mere subterfuge for avoiding the administrative remedies requirements mandated by the Civil Service Act. However, appellant does not claim on appeal, nor did it claim or prove below, that appellees have asserted fraudulent facts or pled facts in bad faith. *See Flores,* 39 S.W.3d at 676. The question before us is not whether the pleading for a declaratory judgment was a subterfuge to avoid compliance with the Civil Service Act but rather whether the plaintiffs' pleadings, as filed, affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't of Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001); *Baston,* 49 S.W.3d at 427–28; *City of Hidalgo Ambulance Serv. v. Lira,* 17 S.W.3d 300, 304 (Tex.App.—Corpus Christi 2000, no pet.).

■ In considering the question of the trial court's jurisdiction, we note that subject matter jurisdiction is never presumed and cannot be waived.[10] *Tex. Ass'n of Bus.,* 852 S.W.2d at 443–44. Since a governmental unit is protected from suit by sovereign immunity, pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the legislature consented to the suit. *Jones,* 8 S.W.3d at 638. Absent the state's consent to suit, the trial court has no jurisdiction. *Id.*

Accordingly, since appellees' petition seeks a declaratory judgment against a governmental unit, we must determine whether a claim for declaratory judgment waives sovereign immunity and, if so, whether appellees have properly pled such a claim so as to invoke jurisdiction in the trial court. *See Miller,* 51 S.W.3d at 587 (mere reference to a basis for waiver of sovereign immunity in a petition is not enough to confer jurisdiction; the reviewing court must examine the scope of the waiver and whether the allegations in the petition fall within the scope of that waiver).

### *Declaratory Judgments*

■ A declaratory judgment action is not a grant of jurisdiction but "merely a procedural device for deciding cases already within a court's jurisdiction." *Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996); *State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994). The stated purpose of the Uniform Declaratory Judgments Act ("UDJA") is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex.Civ.Prac. & Rem.Code Ann. § 37.002(b) (Vernon 1997).

The UDJA provides that:

A person interested under a deed, will, written contract, or other writing constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

---

**10.** Indeed, as jurisdiction "is fundamental and may not be ignored," a reviewing court must inquire into it, even if it is necessary to do so *sua sponte. White v. Schiwetz,* 793 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1990, no writ).

TEX.CIV.PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1997).

In the case of an action involving the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard. TEX.CIV. PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1997). In a proceeding for declaratory judgment, the court may award costs and attorney's fees. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). The court may also award further relief whenever necessary or proper, but such relief must be within the existing jurisdiction of the court.[11] TEX.CIV.PRAC. & REM.CODE ANN. § 37.011 (Vernon 1997); *Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 156–57 (Tex.App.—Austin 1998, no pet.).

 A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id.* (quoting *Bexar–Medina–Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n*, 640 S.W.2d 778, 779–80 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.)). A trial court has the discretion to enter a declaratory judgment so long as it will serve a useful purpose or will terminate the controversy between the parties. *Id.* at 468. But a trial court may refuse to render or enter a declaratory judgment or decree if it would not termi-

nate the uncertainty or controversy giving rise to the proceeding. TEX.CIV.PRAC. & REM.CODE ANN. § 37.008 (Vernon 1997).

### Sovereign Immunity

 Sovereign immunity, unless waived, protects the State of Texas from lawsuits for damages absent legislative consent. *General Servs. Comm'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex.2001). A city is deemed an agent of the state for sovereign immunity purposes when exercising its powers for a public purpose. *City of Galveston v. Posnainsky*, 62 Tex. 118, 127 (1884). Sovereign immunity derives from the principle that the sovereign may not be sued in its courts without its consent. *Tex. Workers' Comp. Comm'n v. Garcia*, 862 S.W.2d 61, 72 (Tex.App.—San Antonio 1993), *rev'd on other grounds*, 893 S.W.2d 504 (Tex.1995). Sovereign immunity encompasses two principles—immunity from suit and immunity from liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Immunity from liability protects the State from judgments, even where there is an express consent on the part of the Legislature to permit a suit. *Id.* Immunity from liability is an affirmative defense that must be pled or else it is waived. *Jones*, 8 S.W.3d at 638 (citing *Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex. 1988)). Immunity from suit, on the other hand, bars a suit against the State unless the State expressly gives consent to the suit. *Fed. Sign*, 951 S.W.2d at 405. Immunity from suit then deprives a trial court of subject matter jurisdiction over

---

11. Some courts, including this one, have held that a party may request injunctive relief in a declaratory judgment action. *See Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 156 n. 6 (Tex.App.—Austin 1998, no pet.); *Mendleski v. Silvertooth*, 798 S.W.2d 30, 32 (Tex. App.—Corpus Christi 1990, no writ). Howev-

er, a request for injunctive relief is not a request for damages. *Long Island Owner's Ass'n v. Davidson*, 965 S.W.2d 674, 689 (Tex. App.—Corpus Christi 1998, pet. denied) ("An injunction is a pure application of equitable relief.").

the governmental agency, even if liability is undisputed. *Travis Co. v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002) (citing *Jones,* 8 S.W.3d at 638).

### Declaratory Judgments and Sovereign Immunity

■ The Texas Supreme Court has consistently distinguished between suits in which only a declaration of rights against the State is sought and suits seeking money damages against the State. *Fed. Sign,* 951 S.W.2d at 404; *W.D. Haden Co. v. Dodgen,* 158 Tex. 74, 308 S.W.2d 838, 841 (1958); *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 712 (1945); *see also Dewhurst v. Gulf Marine Inst. of Tech.,* 55 S.W.3d 91, 97 (Tex.App.—Corpus Christi 2001, pet. denied). The former are not considered suits against the State for damages and so no legislative consent is required. *Cobb,* 190 S.W.2d at 712. However, a suit which is brought ostensibly for the purpose of declaring rights, but actually seeks to impose liability on the State for damages, is a suit against the State barred by sovereign immunity. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855–56 (Tex.2002); *see also Cobb,* 190 S.W.2d at 712; *Dodgen,* 308 S.W.2d at 841–42.

■ Certain declaratory judgment actions against state officials have been found not to implicate the sovereign immunity doctrine. *IT–Davy,* at 855. Specifically, a party may bring a suit seeking declaratory relief against state officials who allegedly act without legal or statutory authority and such suit is not "a suit against the state" because it does not attempt to subject the State to liability. *Id.* Thus legislative consent is not required to maintain such suits. *Id.* However, where a party brings a suit for declaratory judgment *but seeks monetary damages,* sovereign immunity bars such a suit. *Id.* at

855–56. That is because such a suit attempts to control state action by imposing liability on the State. *Id.* The supreme court has roundly condemned such actions, stating, "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory judgment claim." *Id.* at 855–56. While the UDJA allows private parties to challenge ordinances or statutes, it does not authorize them to sue the State for money damages. *Id.* at 859. Therefore, sovereign immunity is not waived for a request for declaratory relief that seeks money damages and such a suit can only be maintained with legislative consent. *Id.* at 859–60; *see also Fed. Sign,* 951 S.W.2d at 405 (even if party did not need legislative consent to pursue a suit to determine its rights, it needed legislative consent to seek its requested money damages from the State and lacking the same, the case was properly dismissed for want of jurisdiction); *Denver City Indep. Sch. Dist. v. Moses,* 51 S.W.3d 386, 392 (Tex.App.—Amarillo 2001, no pet.) (declaratory judgment action that also sought restitution was a suit for money damages over which the trial court had no subject matter jurisdiction absent the State's consent to suit); *Tex. Dep't of Transp. v. Jones Bros. Dirt & Paving Contractors,* 24 S.W.3d 893, 901–02 (Tex.App.—Austin 2000, pet. granted) (petition requesting a purported declaratory judgment which sought damages as relief was obviously aimed at controlling State action or subjecting the State to liability and so did not demonstrate a waiver of sovereign immunity); *TRST Corpus, Inc. v. Financial Ctr., Inc.,* 9 S.W.3d 316, 323 (Tex.App.—Houston [14th Dist.] 1999, pet. denied) (a suit seeking a declaratory judgment of rights, money damages and an order enforcing rights through injunction, judicial foreclosure and/or constructive trust, was a suit against the state for

which sovereign immunity was not waived and so could not be maintained without legislative permission).

### The Instant Action

■ As described previously, appellees' Third Amended Original Petition complains that the City "failed to compensate" them according to ordinance 2119 and deprived four of them of a classification of the level of "Lieutenant" and its accompanying salary which the City had earlier represented would be assigned to them. The petition also asserts that the City deprived appellees of their benefits under ordinance 2119 by enacting ordinance 2143 which effectively reduced their salaries, "while representing that Plaintiffs were receiving an increase." They complain that because "of the [City's] conduct," they were deprived of "entitled" salary increases, to their financial detriment.

Notably, appellees do not challenge the validity of either of the ordinances, nor do they raise any question regarding the construction of any of the terms of either ordinance. Rather, they seek a declaration that they are entitled to compensation in accordance with ordinance 2119 and the increases provided thereby *"had Defendant not reduced the salary classifications under Ordinance 2143"* and also that four appellees are entitled to the Lieutenant classification and salary.

We note that the matters of which appellees complain, and the relief they request of the trial court, do not appear to be subject to resolution by a declaratory judgment.

No possible reading of an ordinance could construe the negation of the existence of its own replacement ordinance. Appellees' petition suggests some sort of impropriety on the part of the City in enacting ordinance 2143 because it had the effect of reducing appellee's salaries but they do not assert that ordinance 2143 is invalid or that the City acted outside its authority.[12] Thus a mere declaration of what ordinance 2119 states, and what rights are conferred on appellees under ordinance 2119, could not resolve appellees' claim that they were entitled to the salary stated in 2119, *in spite of* the City's promulgation of ordinance 2143.

Nor is the request for a finding that four appellees are entitled to the Lieutenant classification and salary in any way connected to the construction or validity of either statute. Neither ordinance makes any reference to the term "Lieutenant." Even, assuming as we must, the truthfulness of appellees' claims that the City represented that it would assign appellees such a classification, the question of whether they were entitled to such classification is not a legal one that can be determined by reviewing the ordinances in question. There is no legal question of construction or validity of an ordinance presented by such a question. It is rather, in the nature of a contractual claim, asserting that the City promised such classification and salary (even "order[ing] Lieutenant badges," as the petition claims) and then failed to compensate appellees in accordance with that classification.

More importantly for our purposes, the petition clearly states a claim for which the trial court has no jurisdiction.

■ Appellees seek a declaration and judgment of the City's liability for failure to compensate them at a certain rate and

12. Appellees' brief on appeal claims that they seek a determination whether the adoption of ordinance 2143 constituted an involuntary de-motion contrary to the Civil Service Act but no such claim appears in any of the pleadings in the record before us.

an order requiring future compensation at that rate as well as back pay for the unreceived amounts of salary to which they claim entitlement. They seek also pre- and post-judgment interest. These are claims for money damages.[13]

Indeed, at the hearing on the plea to the jurisdiction, appellees did not argue that they were not seeking money damages but instead stoutly asserted that sovereign immunity for municipalities was waived by the UDJA as noted in *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex.1994) and *City of El Paso v. Croom Constr. Co.*, 864 S.W.2d 153, 155 (Tex.App.—El Paso 1993, writ denied). This argument was made in response to the City's complaint to the trial court that appellees were attempting to file a suit for damages under the guise of a declaratory judgment action.[14] The City argued that *Leeper*, relied upon by the appellees, simply held that the government could be held liable for attorney's fees and costs which are appropriate to a

declaratory judgment action[15] but that any attempt to receive past wages or other money damages constituted a suit against the state which was barred by sovereign immunity.

We agree with the City. The supreme court in *IT–Davy*, in dismissing a case for want of jurisdiction, resolutely rejected the interpretation of the UDJA and *Leeper*, relied upon by appellees, stating

> IT–Davy further claims that the Declaratory Judgment Act (DJA) waives the TNRCC's sovereign immunity from suit.... IT–Davy relies on *Leeper* to assert that the DJA waives the State's immunity both from suit and liability. IT–Davy misplaces its reliance on *Leeper*.... We determined that the DJA expressly allows persons to challenge ordinances or statutes. Moreover, the DJA requires challengers to join governmental entities in suits to construe legislative pronouncements, and the DJA authorizes awarding attorneys'

---

13. A claim for back pay is a claim for monetary damages at law. *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 400–01 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *O'Bryant v. City of Midland*, 949 S.W.2d 406, 414 (Tex.App.—Austin 1997), *aff'd in part and rev'd in part on other grounds*, 18 S.W.3d 209 (Tex.2000); *see also Huckabay v. Moore*, 142 F.3d 233, 242 n. 10 (5th Cir. 1998).

The claims for money damages are even more pointedly asserted in the appellees' Second Amended Original Petition (mistitled and filed after the denial of the plea to the jurisdiction) in which appellees specifically *"seek compensation"* for the claimed deprived salary increases and lost contributions to their retirement plan and pray that the court grant declaratory relief and judgment that they are "entitled to *and shall now be compensated ... and shall now receive ...*" yearly increases, appropriate classification and salary, *"compensation for all lost salaries and benefits, including but not limited to contributions to [their retirement plans]"* as well as pre- and post-judgment interest. (Emphasis added).

14. In pertinent part, counsel stated:

Right now I can stand before you and I will stand before you and say, that's fine, the Court can construe the statute [*sic*], okay? But what I'm also saying is that that construction, what she's asking for is asking for monetary damages. The construction of the statute [*sic*] is okay under the Civil Practice and Remedies Code. I believe the Court can do that. But it cannot go on to award damages based on that construction because that is something that the City has not waived, and they are really seeking damages. That's what's underlying this. If they were to say, okay, we just want the Court to say that the statute or that the ordinance says this, fine. I would stipulate that the ordinance says what it says.

15. A request for attorney's fees against the state in a declaratory judgment action is not a suit for damages as attorney's fees are in the nature of costs, not damages. *Williams v. Compressor Eng'g Corp.*, 704 S.W.2d 469, 474 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

fees. Accordingly, we held that the DJA necessarily waives governmental immunity for attorneys' fees in suits to construe legislative pronouncements. However, *Leeper's* limited waiver does not allow private parties to sue the State for money damages under the DJA. *IT–Davy,* at 859–60 (citations omitted).

 Accordingly, an action for declaratory judgment seeking only a clarification of rights, attorney's fees, and costs is not a suit for damages against the State and is not barred by sovereign immunity. *Id.* However, a suit for money damages against the State cannot be maintained without legislative consent, notwithstanding that it may be presented in the posture of a declaratory judgment action. *Id.* at 855–56, 859–60.

Appellees' petition was not merely an action seeking a declaratory judgment, attorney's fees and costs, but rather an action which attempted to subject the City to liability for back pay and other similar damages, along with pre- and post-judgment interest on the same. Therefore, appellees' action, despite its reference to the declaratory judgment act, is a suit for money damages, barred by sovereign immunity, and, lacking legislative consent, the face of appellees' pleadings affirmatively demonstrates a lack of jurisdiction. *IT–Davy,* at 855–56, 859–61; *Fed. Sign,* 951 S.W.2d at 405; *Moses,* 51 S.W.3d at 392; *TRST Corpus,* 9 S.W.3d at 323.

As appellees' suit cannot be maintained against the City without legislative consent, and as the appellees, in four petitions as well as argument before the trial court, have never claimed, either to the trial court or this Court, to have legislative consent for this suit, we conclude that it is not possible for the petition to be amended to confer jurisdiction on the trial court. *City of Houston v. Northwood Mun. Util. Dist. No. 1,* 73 S.W.3d 304, 313–14 (Tex.

App.—Houston [1st Dist.] 2001, no pet.); *TRST Corpus,* 9 S.W.3d at 323–24. Accordingly, we sustain the City's sole issue.

### Conclusion

The City of San Benito's issue on appeal complaining of the trial court's denial of its plea to the jurisdiction is sustained. We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing this case for lack of subject matter jurisdiction.