NUMBER 13-07-554-CV


COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CITY OF BROWNSVILLE, TEXAS, Appellant,


v.


RIO BRAVO SUBDIVISION PROPERTY

OWNERS ASSOCIATION, ON BEHALF OF

203 REGISTERED VOTERS IN THE 

RIO BRAVO SUBDIVISION, Appellees.

 


On appeal from the 107th District Court


of Cameron County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza
 

 Appellant, the City of Brownsville ("the City"), brings this interlocutory appeal of the
trial court's denial of the City's plea to the jurisdiction in a disannexation action brought by
appellees, the Rio Bravo Property Owners Association, a Texas non-profit corporation
acting on behalf of 203 residents of Rio Bravo, a residential subdivision, and the 203
residents themselves (collectively referred to as "Rio Bravo"). The City argues, in its sole
issue, that the trial court erred in denying its plea to the jurisdiction because section 43.141
of the Texas Local Government Code does not serve as a waiver of its governmental
immunity to suit. See Tex. Loc. Gov't Code Ann. § 43.141 (Vernon Supp. 2007). We
affirm the decision of the trial court.

I. Factual and Procedural Background

 The Rio Bravo subdivision, located on the boundary of Brownsville, was annexed
by the City. Pursuant to section 43.141 of the Texas Local Government Code, a majority
of the registered voters residing in the subdivision sought the disannexation of the
subdivision from the City. See id. Rio Bravo complied with all procedural requirements of
section 43.141, including filing with the City a petition for disannexation alleging that the
City failed to provide services, as well as posting and publishing the petition. See id. §
43.141(d), (f).

 Because the City failed to act upon Rio Bravo's petition for disannexation within sixty
days after having received the petition, Rio Bravo exercised its right to petition the local
district court to request that the area be disannexed. See id. § 43.141(b). Rio Bravo filed
its petition with the 107th District Court of Cameron County on January 23, 2006. This
petition alleged that the City failed to provide services and had acted in bad faith, and
sought, in part, a judgment "[d]eclaring that under the said Petition and/or Section 43.141
of the Texas Local Government Code, Plaintiff is entitled to the disannexation of the said
area . . . ."

 On January 23, 2007, counsel for both parties executed a written stipulation stating
that "[t]he plaintiff does not contest and will not contest in this case, as part of their grounds
for disannexation, that the City of Brownsville in any way failed to comply with the municipal
service plan which was filed for the annexation in question."

 On January 24, 2007, the City filed a "Supplemental Motion for Summary Judgment
or in the Alternative, Plea to the Jurisdiction," alleging that: (1) Rio Bravo lacked standing
to sue under section 43.141(d)(5) of the Texas Local Government Code; (2) Rio Bravo had
not met the statutory requirements for suit under section 43.141(d)(5); (3) the court lacked
subject matter jurisdiction; and (4) there was no evidence offered that the City failed to
comply with the service plan prepared for Rio Bravo. See id. § 43.141(d)(5).

 On August 8, 2007, Rio Bravo filed its first supplemental petition which added "the
said 203 qualified voters" to the list of named plaintiffs. Subsequently, on August 23, 2007,
the trial court denied the City's plea to the jurisdiction on governmental immunity grounds,
providing no specific conclusions of law or findings of fact. The City filed its notice of
interlocutory appeal on August 28, 2007.

II. Discussion

A. Jurisdiction and Standard of Review

 If a trial court denies a governmental unit's claim of no jurisdiction, whether it has
been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise,
the Legislature has provided that an interlocutory appeal may be brought. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2007). It is undisputed that the City
is such a governmental unit. See id. § 101.001(3)(B). Accordingly, we have jurisdiction
to consider the issues raised on appeal by the City.

 We review a trial court's ruling on a plea to the jurisdiction under a de novo standard
of review. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). In determining whether subject matter jurisdiction exists, all allegations in the
pleadings are to be accepted as true. City of San Antonio v. Butler, 131 S.W.3d 170, 174
(Tex. App.-San Antonio 2004, pet. denied). The plaintiff bears the burden of alleging facts
affirmatively demonstrating the trial court's jurisdiction to hear a case. Id.

B. Declaratory Judgments and Governmental Immunity

 Governmental entities enjoy immunity from suit unless the legislature has clearly
and unambiguously waived such immunity. See, e.g., Tooke v. City of Mexia, 197 S.W.3d
325, 332 (Tex. 2006); City of Weslaco v. Borne, 210 S.W.3d 782, 789 (Tex. App.-Corpus
Christi 2006, pet. denied); see also Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2007)
("In order to preserve the legislature's interest in managing state fiscal matters through the
appropriations process, a statute shall not be construed as a waiver of sovereign immunity
unless the waiver is effected by clear and unambiguous language."). The primary purpose
of governmental immunity from suit is to protect state agencies and their officials from
lawsuits for damages. See Fed. Sign v. Tex. State Univ., 951 S.W.2d 401, 405 (Tex.
1997); Anderson v. City of McKinney, 236 S.W.3d 481, 482 (Tex. App.-Dallas 2007, no
pet.).

 Although governmental entities generally enjoy immunity from suit, private parties
may seek declaratory relief against state officials who allegedly act without legal or
statutory authority. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849,
855 (Tex. 2002); see Tex. Civ. Prac. & Rem. Code § 37.004(a) (authorizing any entity that
is "affected by a statute" to "have determined any question of construction or validity arising
under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations
thereunder"). This is because suits to compel state officers to act within their official
capacity do not attempt to subject the State to liability. IT-Davy, 74 S.W.3d at 855. 
Therefore, certain declaratory judgment actions against state officials do not implicate the
sovereign immunity doctrine. Id.

 On the other hand, declaratory judgment actions against state officials seeking to
establish a contract's validity, to enforce performance under a contract, or to impose
contractual liabilities are considered suits against the State, because such suits attempt
to control state action by imposing liability on the State. See Griffin v. Hawn, 341 S.W.2d
151, 152 (Tex. 1960); W.D. Haden Co. v. Dodgen, 308 S.W.2d 838 (Tex. 1958). 
Consequently, such suits cannot be maintained without legislative consent. See Fed. Sign,
951 S.W.2d at 404. Further, private parties cannot circumvent the State's sovereign
immunity from suit by characterizing a suit for money damages, such as a contract dispute,
as a declaratory judgment claim. IT-Davy, 74 S.W.3d at 855-56; see also City of Houston
v. Williams, 216 S.W.3d 827, 829 (Tex. 2007).

 These same principles apply to declaratory judgment actions brought against
municipalities. City of Waco v. Bittle, 167 S.W.3d 20, 26 (Tex. App.-Waco 2005, pet.
denied); see City of San Benito v. Ebarb, 88 S.W.3d 711, 721-22 (Tex. App.-Corpus
Christi 2000, pet. denied).

C. Analysis

 Rio Bravo has not requested money damages, nor are money damages conceivable
as a remedy that would address Rio Bravo's claims. Moreover, Rio Bravo is not seeking
to establish a contract's validity, to enforce performance under a contract, or to impose
contractual liabilities on a state entity. See IT-Davy, 74 S.W.3d at 855.

 Rather, Rio Bravo has filed suit for disannexation pursuant to section 43.141 of the
Texas Local Government Code. See Tex. Loc. Gov't Code § 43.141. Subsections (a) and
(b) of section 43.141 provide as follows:

 (a) A majority of the qualified voters of an annexed area may petition
the governing body of the municipality to disannex the area if the municipality
fails or refuses to provide services or to cause services to be provided to the
area within the period specified by Section 43.056 or by the service plan
prepared for the area under that section.


 (b) If the governing body fails or refuses to disannex the area within
60 days after the date of the receipt of the petition, any one or more of the
signers of the petition may bring a cause of action in a district court of the
county in which the area is principally located to request that the area be
disannexed. On the filing of an answer by the governing body, and on
application of either party, the case shall be advanced and heard without
further delay in accordance with the Texas Rules of Civil Procedure. The
district court shall enter an order disannexing the area if the court finds that
a valid petition was filed with the municipality and that the municipality failed
to perform its obligations in accordance with the service plan or failed to
perform in good faith.

Id. § 43.141.

 This statutory provision clearly and unambiguously authorizes suit against a city for
failure to disannex an area, provided that two conditions precedent are satisfied: (1) a
majority of qualified voters of the annexed area must have filed a petition with the city
alleging a failure to provide services within the applicable time period; and (2) sixty days
must have passed since the city received that petition. Id.

 The relief requested by Rio Bravo is not in the nature of damages. Instead, Rio
Bravo seeks to compel the City to comply with the requirements of section 43.141 of the
Texas Local Government Code. Thus, we conclude that governmental immunity does not
pose a bar to Rio Bravo's petition for declaratory relief. See Bittle, 167 S.W. 3d at 25
(finding that, because the plaintiff's suit for declaratory relief did not seek to impose liability
on the defendant City of Waco, and because the plaintiff exhausted all available
administrative remedies, the City's immunity was not implicated); see also Ebarb, 88
S.W.3d at 724 (finding that, despite reference to the declaratory judgment act, plaintiff's
suit was for money damages and therefore barred by sovereign immunity).

 Accordingly, the City's issue is overruled. (1)

III. Conclusion

 We affirm the decision of the trial court.


 __________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and

filed this the 14th day of February, 2008.

1. The City also contends that, even if governmental immunity does apply and has been waived by
section 43.141 of the Local Government Code, a disannexation action such as the one brought by Rio Bravo
may only be brought via a quo warranto proceeding. This appeal, however, is brought on the trial court's order
denying the City's plea to the jurisdiction based on governmental immunity. The record does not reflect that
the trial court has ruled upon the City's plea to the jurisdiction based on any other grounds. As such, the issue
of whether a quo warranto proceeding is required is not before us, and we do not rule on that issue. See Tex.
R. App. P. 33.1(a)(2)(A).