

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00092-CV

**LOWER COLORADO RIVER AUTHORITY,**

                                            **Appellant**

 **v.**

**JOSEPH ROBERT RILEY,**

                                            **Appellee**

_____

### From the 414th District Court
### McLennan County, Texas
### Trial Court No. 2009-2865-5

_____

## MEMORANDUM OPINION

_____

Joseph Robert Riley owns property in McLennan County. In 2007, he executed a "Deed of Easement" to Sandy Creek Energy Associates, L.P. (SCEA) authorizing the construction and installation of a water pipeline to supply water to an electric generation project. Riley filed a lawsuit against the Lower Colorado River Authority (LCRA) and other entities regarding the easement. He alleges in his petition that SCEA assigned an interest in the easement to LCRA without Riley's approval in violation of the "Deed of Easement."

LCRA filed a plea to the jurisdiction asserting governmental immunity as to all of Riley's claims except inverse condemnation. The trial court granted the plea to the jurisdiction on Riley's claims against LCRA "for trespass, exemplary damages and attorney's fees," but denied the plea as to Riley's claim for declaratory judgment and suit to quiet title. LCRA appeals. Because the trial court erred in denying LCRA's plea to the jurisdiction regarding Riley's claim for a declaratory judgment and to quiet title, the trial court's order as to those claims is reversed and this proceeding is remanded to the trial court to order dismissal of Riley's claim for a declaratory judgment and suit to quiet title.

## IMMUNITY

Sovereign immunity protects the State and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). No one disputes that LCRA is a political subdivision of the State and is entitled to governmental immunity. *See Hodge v. Lower Colorado River Authority*, 163 S.W.2d 855, 857 (Tex. Civ. App.—Austin 1942 writ dism'd by agr.); TEX. SPEC. DIST. LOCAL LAWS CODE ANN. §§ 8503.001-004 (West Pamp. 2011).

Sovereign immunity and governmental immunity are common law doctrines, but the waiver of immunity has traditionally been left to the Legislature, assuming it to

be "better suited to balance the conflicting policy issues associated with waving [sic] immunity." *Travis Cent. Appraisal Dist.*, 342 S.W.3d at 58 (quoting *Wichita Falls State Hosp.*, 106 S.W.3d at 695). When dealing with these immunities, the Legislature has been required to express its intent to waive immunity clearly and unambiguously. *Id*. (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) and TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011) (codifying the clear and unambiguous standard)).

An order which grants or denies a plea questioning the trial court's jurisdiction is reviewed de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id*.

In one issue, LCRA contends the trial court erred in partially denying LCRA's plea to the jurisdiction to Riley's lawsuit.

### IMMUNITY UNDER THE DJA

LCRA argues that Riley's cause of action under the Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 et seq. (West 2008), is essentially a suit to determine title to real property for which immunity is not waived.

LCRA is correct that generally, a trespass to try title claim is the exclusive method in Texas for adjudicating disputed claims of title to real property. *Sawyer Trust*, 2011 Tex. LEXIS 640, *9; *see* TEX. PROP. CODE ANN. § 22.001(a) (West 2000) ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). Further, a trespass to try title claim is barred by sovereign immunity, absent the legislature's waiver of immunity. *See id*. But, as will be discussed in more detail below, whether Riley's DJA claim is actually a suit for a trespass to try title is immaterial because immunity has not been waived for Riley's claim.

### *Riley's DJA claim*

In his first amended petition, and pursuant to his DJA claim, Riley requests a judgment declaring that LCRA has (1) no right or interest in and to the Deed of Easement between Riley and SCEA; (2) no right of use of Riley's property described in the Deed of Easement; (3) no right of use of the pipeline installed in the Easement; and (4) no right to transport water through the pipeline installed on Riley's property as described in the Deed of Easement. On appeal, Riley asserts several reasons why the trial court did not err in denying LCRA's plea to the jurisdiction.

#### *A Suit under the DJA is Proper*

Riley initially argues that the DJA is the proper vehicle by which to determine the validity of an easement. He relies on *Robertson v. City of Austin*, and *Mission v. Popplewell* in support of his argument. *City of Mission v. Popplewell*, 294 S.W.2d 712 (Tex.

1956); *Roberson v. City of Austin*, 157 S.W.3d 130 (Tex. App.—Austin 2005, pet. denied). Riley may be correct that between private parties the DJA is a proper vehicle by which to determine the validity of an easement. However, his argument is not dispositive of this case, and it is an issue we need not decide today.

In this case, Riley is not challenging the validity of the easement. The easement was between Riley and SCEA, and Riley appears to have no quarrel with that arrangement. His complaint appears to be about SCEA's assignment to LCRA and LCRA's interest in the easement, LCRA's use of his property, and LCRA's use of the pipeline installed on the easement. Further, neither of the cases cited by Riley addresses whether sovereign immunity would bar the suit.

Most importantly, however, while the DJA waives sovereign immunity for certain claims, such as challenges to the validity of a municipal ordinance or statute, it is not a general waiver of sovereign immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, No. 07-0945, ___ S.W.3d ___, 2011 Tex. LEXIS 640, *7 (Tex. 2011) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2008); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009)). The DJA does not alter or enlarge a trial court's jurisdiction; rather, it is "merely a procedural device for deciding cases already within a court's jurisdiction." *Sawyer Trust*, 2011 Tex. LEXIS 640, *7-8 (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)); *Heinrich*, 284 S.W.3d at 370. And a litigant's request for declaratory relief does not alter a suit's underlying nature.

*Heinrich*, 284 S.W.3d at 370. Accordingly, sovereign immunity will bar an otherwise proper DJA suit that has the effect of establishing a right to relief against the State for which the legislature has not waived immunity. *Sawyer Trust*, 2011 Tex. LEXIS 640, *8.

In his underlying suit, Riley does not challenge the validity of a municipal ordinance or statute. Thus, sovereign immunity is not waived simply by alleging a cause of action otherwise proper under the DJA.

Riley also argues, however, that the DJA waives immunity because it requires LCRA to be made a party to his suit pursuant to section 37.006(a). In that provision, "…all persons who have or claim any interest that would be affected by the declaration must be made parties…." TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2008). Riley claims that the DJA includes a very broad definition of "person" which would include LCRA. He cites to the Texas Supreme Court's opinion in *Leeper* for support of this proposition. *See Texas Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994).

His reliance on the statute and *Leeper* is misplaced. A person, for the purposes of the DJA, is defined as "an individual, partnership, joint-stock company, unincorporated association or society, or municipal or other corporation of any character." TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2008). LCRA is a political subdivision of the State, s*ee Hodge v. Lower Colorado River Authority*, 163 S.W.2d 855, 857 (Tex. Civ. App.—Austin 1942 writ dism'd by agr.); TEX. SPEC. DIST. LOCAL LAWS CODE ANN. §§ 8503.001-004 (West Pamp. 2011), and we need not decide today whether it could be included as

an "other corporation of any character" in the DJA's definition of "person." *Leeper* does not assist Riley because *Leeper* involved the express waiver of immunity authorized in section 37.006(b), those situations where a private person is expressly challenging an ordinance or statute. *Leeper*, 893 S.W.2d at 446. It does not stand for the proposition that subsection (a) waives a governmental agency's immunity.

### *Waiver by Other Means*

Riley argues that immunity has also been waived through other means or that immunity is otherwise inapplicable to his suit.

### Texas Constitution and Local Government Code

Riley contends that immunity is waived by article I, sections 17 and 19 of the Texas Constitution and by section 271.152 of the Local Government Code.

Article I, section 17, commonly referred to as the "takings clause," requires the State or a political subdivision of the State to provide "adequate compensation" when taking private property for public use. TEX. CONST. art. I, § 17. "Governmental immunity 'does not shield the State from an action for compensation under the takings clause.'" *Sw. Bell Tel., L.P. v. Harris County Toll Rd. Auth.*, 282 S.W.3d 59, 61 (Tex. 2009) (quoting *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001)). This principle necessarily extends to inverse condemnation claims. *See id*. Further, Article I, section 19 prohibits the deprivation of property by the State without due course of law. TEX. CONST. art. I, § 19.

Riley's request for declaratory relief does not seek a declaration that LCRA has taken his property without adequate compensation or that LCRA has deprived him of property without due course of law, and we will not infer such claims. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, No. 07-0945, ___ S.W.3d ___, 2011 Tex. LEXIS 640, *19 (Tex. 2011). Riley's inverse condemnation claim was not dismissed by the trial court, and LCRA does not challenge the trial court's jurisdiction over Riley's inverse condemnation claim.

Section 271.152 of the Local Government Code provides for a waiver of immunity from suit for a breach of contract claim against a local governmental entity that is a party to a contract for goods or services. *See* TEX. LOC. GOV'T. CODE ANN. §§ 271.151(2), 271.152 (West 2005); *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (2010). As discussed above, Riley's contract and deed was with SCEA, not LCRA. Because Riley does not have a contract with LCRA, governmental immunity for a suit filed against LCRA by Riley is not waived by section 271.152.

<u>Declaratory Relief Only</u>

Riley next contends that immunity does not apply when liability will not be imposed on the governmental entity. He cites numerous cases to support this proposition. However, all but one of the cases relied on do not support Riley's contention, and that one case is distinguishable.

The Supreme Court has used rather general language which seems to differentiate between suits for money damages and those seeking a declaration of rights, offering apparent support to Riley's assertion that, if a suit seeks only declaratory relief and not monetary damages, the suit is not barred by governmental immunity. For example, in *Federal Sign v. Texas Southern University*, the Court stated, "[W]e distinguish suits to determine a party's rights against the State from suits seeking damages. A party can maintain a suit to determine its rights without legislative permission." *Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 404 (Tex. 1997). But a closer examination of *Federal Sign* reveals that the type of suit which does not require "legislative permission" is one brought "against a state official who has acted without legal or statutory authority." *Id.*; *accord City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). This is referred to as the "ultra vires" exception to sovereign immunity. *See Tex. DOT v. Sefzik*, No. 08-0943, ___ S.W.3d ___, 2011 Tex. LEXIS 801, *5 (Tex. 2011). Riley has neither filed an ultra vires claim nor argued that his suit is an ultra vires claim. We note that Riley has sued LCRA as an entity; he has not sued its board members for ultra vires acts.

Riley also cites *Houston Municipal Employees Pension System v. Ferrell* to support his contention that a suit for declaratory relief against a governmental entity does not implicate sovereign immunity if the plaintiff expressly denies that he seeks monetary damages. *Houston Municipal Employees Pension System v. Ferrell*, 177 S.W.3d 502 (Tex.

App.—Houston [1st Dist.] 2005), *rev'd on other grounds*, 248 S.W.3d 151 (Tex. 2007). But in *Ferrell*, the plaintiffs sought declaratory relief determining whether the pension system was complying with article 6423h of the Revised Civil Statutes with regard to benefits. *Id.* at 510. They alleged that they were "seeking to force government officials to follow the law or quit acting outside the scope of their authority." *Id.* Riley is not seeking to force government officials to follow the law or to stop acting outside the scope of their authority. In other words, Riling is not suing LCRA officials for any ultra vires acts.

For further support, Riley also cites the Eighth Court's decision in *City of El Paso v. Heinrich*, 198 S.W.3d 400 (Tex. App.—El Paso 2006), *rev'd in part on other grounds*, 284 S.W.3d 366 (Tex. 2009). In *Heinrich*, the Eighth Court acknowledged a distinction "between suits in which only a declaration of rights against the State is sought and suits seeking money damages against the State." *Id.* at 406. But in the same manner as the plaintiffs in *Ferrell*, Mrs. Heinrich alleged that her suit was brought "to correct illegal, unlawful, unauthorized, ultra vires, and unconstitutional acts of the defendants." *Id.* Specifically, she alleged that the City was violating article 6243b of the Revised Civil Statutes in calculating her benefits. *Id.* at 403. This is not the substance of Riley's suit.

Next, Riley cites the Thirteenth Court's decision in *City of San Benito v. Ebarb*, 88 S.W.3d 711 (Tex. App.—Corpus Christi 2002, pet. denied). There, the Thirteenth Court expressly recognized that a plaintiff may file "a suit seeking declaratory relief *against*

*state officials* who allegedly act without legal or statutory authority" so long as the plaintiff does not also seek monetary damages." *Id.* at 721 (emphasis added). The court held that this suit was barred by governmental immunity because the plaintiffs sought money damages. *Id.* at 724. Again, Riley's suit is not against state officials.

Finally, Riley relies on the opinion in *Hartford Casualty Insurance Co. v. Price*, 435 F. Supp. 2d 566 (N.D. Tex. 2006). In that case, the insurance company filed suit against Price, a tax assessor-collector, seeking a declaration that it was not liable under a surety bond or an insurance policy for claims filed by Price on behalf of Tarrant County. *Id.* at 569. The court denied Price's motion for summary judgment premised in part on governmental immunity. *Id.* at 575.

The *Hartford* decision does not appear consistent with the decisions of the Supreme Court of Texas which have held that governmental immunity is not implicated in a suit against government officials when they are alleged to have acted in violation of a statutory or constitutional provision. *See Heinrich*, 284 S.W.3d at 372-73; *IT-Davy*, 74 S.W.3d at 855; *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945). Thus, we decline to follow it. Further, *Hartford* is distinguishable because the insurance company filed suit against a government official rather than against the governmental entity. *See Heinrich*, 284 S.W.3d at 372-73 ("[A]s a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit.").

In summary, Riley does not allege that LCRA is acting in violation of a statutory or constitutional provision. *Cf. Heinrich*, 284 S.W.3d at 372-73; *Ferrell*, 177 S.W.3d at 510; *Ebarb*, 88 S.W.3d at 721. Even if he did make such a claim, the suit should be filed against officials of LCRA rather than LCRA itself. *See Heinrich*, 284 S.W.3d at 372-73. Therefore, the cases he relies on do not support his argument that immunity does not apply to his suit under the DJA.

Control of State Action

Riley also contends that his request for declaratory relief does not implicate governmental immunity because he does not seek to control LCRA's lawful actions. *Cf. Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855-56 (Tex. 2002) (suits which "attempt to control state action by imposing liability on the State" are barred by sovereign immunity).

The Supreme Court described suits which "attempt to control state action" as suits "seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities." *Id.* "The Texas Supreme Court has historically regarded these immunity principles as also barring suits to cancel or nullify a contract made for the benefit of the state." *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 120 (Tex. App.—Austin 2007, no pet.) (citing *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 841 (1958)). Riley's request for declaratory relief seems to fit this description

because he seeks to "nullify" SCEA's apparent assignment of an interest in the easement to LCRA.

If we accept Riley's factual allegations as true, LCRA owns an interest in the pipeline easement and uses that easement to transport water across Riley's property to the site of the power plant. Riley seeks a declaration that LCRA's interest in the easement is invalid and seeks to prevent LCRA from transporting water across his property via this easement. His request for declaratory relief is an indirect attempt to enforce the anti-assignment clause in the pipeline easement against LCRA. This request for declaratory relief necessarily is an attempt to control LCRA's action. *See id.*; *see also Smith v. Lutz*, 149 S.W.3d 752, 760 (Tex. App.—Austin 2004, no pet.) ("when the State acts under a color of right to withhold property acquired by it under a contract, a suit seeking declaratory relief concerning the ownership, possession, or access to that property is a suit based in contract, for which legislative consent must be obtained").

In summary, because Riley's request for declaratory relief seeks to control LCRA's actions, governmental immunity is implicated by this claim, regardless of whether Riley disclaims any intent to seek monetary damages from LCRA. *See Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 28 (Tex. App.—San Antonio 2006, pet. dism'd) ("In short, the relevant distinction is not between suits seeking equitable relief and those seeking money damages, as the Joint Venture argues, but between suits

seeking to compel state officers to act within their official capacity and suits seeking to control state action by imposing liability on the State.").

*Conclusion*

Accordingly, for the reasons stated above, the trial court erred in denying LCRA's plea to the jurisdiction as to Riley's claim for a declaratory judgment.

### SUIT TO QUIET TITLE

The trial court also denied LCRA's plea to the jurisdiction with respect to Riley's suit to quiet title to his property regarding any attempted assignment by SCEA of an interest in the pipeline easement. LCRA argues that immunity is also not waived for this claim. Pursuant to his quiet title claim, Riley asks for an order to quiet title declaring the assignment, by which SCEA assigned an 11.4% interest in the Deed of Easement to LCRA, null and void.

Riley's request to quiet title constitutes a "suit for land" within the meaning of *Lain* and *Sawyer Trust*. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, No. 07-0945, ___ S.W.3d ___, 2011 Tex. LEXIS 640, *11-12 (Tex. 2011); *State v. Lain*, 349 S.W.2d 579, 582 (Tex. 1961). Thus, this cause of action, insofar as it is asserted against LCRA, is barred by governmental immunity. *See Sawyer Trust,* 2011 Tex. LEXIS 640 *13; *Lain*, 349 S.W.2d at 582. Riley has not alleged any waiver of immunity for his suit to quiet title, and the trial court erred in denying LCRA's plea to the jurisdiction as to this claim.

## CONCLUSION

Because the trial court erred in denying LCRA's plea to the jurisdiction as to Riley's claim for a declaratory judgment and his suit to quiet title, LCRA's sole issue is sustained. Accordingly, we reverse the portion of the trial court's order which states: "The remainder of Plaintiff's claims against Defendant Lower Colorado River Authority are not affected by this Order and remain pending" and remand this proceeding to the trial court to order Riley's claim against LCRA for a declaratory judgment and his suit to quiet title against LCRA be dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed December 28, 2011
[CV06]