NUMBER 13-02-477-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

SIGFREDO CANTU, HARLINGEN FIRE DEPARTMENT

FIRE CHIEF, IN HIS OFFICIAL CAPACITY; HARLINGEN CIVIL SERVICE COMMISSION, 

AND CITY OF HARLINGEN, TEXAS , Appellants,



v.


FRANCISCO PERALES , Appellee.

___________________________________________________________________

On appeal from the 197th District Court

of Cameron County, Texas.

__________________________________________________________________



O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez



 Appellants, Harlingen Fire Chief Sigfredo Cantu, the Harlingen Civil Service Commission (the Commission), and the City
of Harlingen, bring this accelerated appeal following the trial court's order denying their plea to the jurisdiction. By three
issues, appellants contend: (1) the trial court does not have jurisdiction over appellee's cause of action; (2) appellee never
perfected an appeal to the trial court; and (3) appellee's appeal is barred by limitations. We reverse and remand.

I. Facts (1)

 Appellee, Francisco Perales, was employed as a firefighter for the City of Harlingen when he was arrested on two different
occasions for public intoxication and driving while intoxicated. Appellee pled guilty to both offenses. He subsequently
submitted a notice of resignation. Two days after submitting his notice, appellee attempted to retract his resignation. Chief
Cantu informed appellee that his resignation had been accepted, and that it was non-revocable. Appellee filed a notice of
appeal with the Commission. The Commission did not respond to appellee's notice.

 Appellee then filed an original petition in district court for declaratory judgment and mandamus, alleging the Commission
violated section 143.053 of the local government code by failing to hold a hearing on his appeal. See Tex. Loc. Gov't Code
Ann. § 143.053 (Vernon 1999 & Supp. 2003). Thereafter, appellee was reinstated. However, three days later, he was
placed on indefinite suspension. Appellee filed a second notice of appeal complaining of the indefinite suspension. 
Following a hearing on this appeal, the Commission upheld Chief Cantu's decision to suspend appellee. 

 In the pending action in the district court, appellants filed a plea to the jurisdiction. The district court denied the plea to the
jurisdiction. This appeal ensued.

II. Jurisdiction

 By their first issue, appellants contend the trial court does not have jurisdiction over appellee's petition for declaratory
judgment and mandamus. 

A. Standard of Review

 A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims
asserted have merit." Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's
authority to determine the subject matter of a pleaded cause of action. City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.
App.-El Paso 2000, pet. dism'd w.o.j.);State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.-Corpus Christi 1989, writ
denied).

 We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review because subject matter
jurisdiction is a question of law. City of Fort Worth v. Robles, 51 S.W.3d 436, 439 (Tex. App.-Fort Worth 2001, pet.
denied). In determining whether jurisdiction exists, rather than looking at the claim's merits we look to the allegations in the
pleadings, accept them as true, and construe them in favor of the pleader. See County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002); Met-RX USA, Inc. v. Shipman, 62 S.W.3d 807, 810 (Tex. App.-Waco 2001, pet. denied); Robles, 51
S.W.3d at 439. We may also consider evidence necessary to resolve the jurisdictional issues raised. See Brown, 80 S.W.3d
at 555; Blue, 34 S.W.3d at 555; Shipman, 62 S.W.3d at 810; Baston v. City of Port Isabel, 49 S.W.3d 425, 427 n.2 (Tex.
App.-Corpus Christi 2001, pet. denied).

 When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to
amend. Brown, 80 S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction,
then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. Id. 

B. Analysis In his petition, appellee asserts he was forced to resign. (2) Because he was forced to resign, appellee argues
the Commission violated section 143.053 of the civil service act. See Tex. Loc. Gov't Code Ann. § 143.053.

 Under the civil service act, the Commission only has jurisdiction to hear appeals from promotional pass-overs, disciplinary
suspensions, and demotions. Corbitt v. City of Temple, 941 S.W.2d 354, 355 (Tex. App.-Austin 1997, writ denied); see
Tex. Loc. Gov't Code Ann. §§ 143.034, .053, .054 (Vernon 1999 & Supp. 2003). Because appellee was neither passed on a
promotion, suspended, or demoted, the Commission was under no obligation to hold a hearing and review appellee's
resignation. Thus, because appellee's petition affirmatively negates the existence of jurisdiction, the trial court erred in
denying appellants' plea to the jurisdiction. See Brown, 80 S.W.3d at 555. Appellants' first issue is sustained. (3)

 Accordingly, we reverse the trial court's order denying appellants' plea to the jurisdiction and remand this cause with
instructions to dismiss for want of jurisdiction.

 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 30th day of January, 2003.

 

1. Appellee failed to file a brief, therefore, the facts presented in this opinion are taken solely from appellants' brief. See
Tex. R. App. Proc. § 38.1(f) ("In a civil case, the court will accept as true the facts stated unless another party contradicts
them."). 

2. Upon review of appellee's second amended petition in district court, it appears that appellee complains solely of the
Commission's failure to hold a hearing on his first appeal, and not on the Commission's actual hearing and decision on his
second appeal.

3. Because of our disposition of appellants' first issue, we need not address appellants' remaining issues. See Tex. R. App.
P. 47.1.