CITY OF HARLINGEN, Appellant,

v.

Eddie ALVAREZ, Appellee.

No. 13–03–00169–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Sept. 29, 2005.

Opinion Overruling Rehearing
Nov. 16, 2006.

Charlie J. Cilfone, Shelton & Valdez, Roger W. Hughes, Scott T. Clark, Admans & Graham, Harlingen, for appellant.

B. Craig Deats, Deats & Levy, P.C., Austin, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, the City of Harlingen ("the City"), appeals from (1) the trial court's order denying its plea to the jurisdiction and (2) judgment denying its motion for summary judgment and granting the motion for summary judgment of appellee, Eddie Alvarez. We reverse the trial court's judgment, render in part, and remand in part.

### A. FACTUAL BACKGROUND

On March 6, 2001, J.L. Garcia was "indefinitely suspended" from his position of fire captain/assistant fire marshal with the City of Harlingen Fire Department for insubordination, being absent without leave, and violating local rules. On October 18, 2001, Garcia's indefinite suspension was affirmed by an independent hearing examiner appointed to hear his appeal. As a result of Garcia's discharge, a vacancy occurred in a classified position in the Harlingen Fire Department.

Under the Civil Service Act ("the Act"), the City is required to fill promotional vacancies from eligibility lists created as a result of competitive promotional examinations. *See* TEX. LOC. GOV'T CODE ANN. § 143.036 (Vernon 1999). If an eligibility list exists on the date a vacancy occurs, the vacancy must be filled from that list within sixty days. *Id.* On March 6, 2001, Alvarez was the top-ranked and only candidate on the eligibility list.

On March 9, 2001, Garcia appealed his indefinite suspension. However, it was not until October 18, 2001, that the hearing examiner issued the decision affirming the indefinite suspension. By that time, the promotional eligibility list in existence on March 6, 2001, had expired and a new one had been established. Alvarez was ranked

number four on the new eligibility list, and the fire chief promoted the first-ranked candidate from the new eligibility list on December 5, 2001.

Alvarez sued the City, alleging that he was entitled to the promotion because he was the highest-ranked candidate on the eligibility list when the vacancy occurred on March 6, 2001. The City asserted the vacancy occurred on October 18, 2001, when the hearing examiner's decision was issued. The City filed a plea to the jurisdiction, asserting that Alvarez had failed to exhaust the administrative remedies set forth in the Act, but the plea was denied by the trial court. Then, based upon a "Joint Stipulation of Facts," the parties filed cross-motions for summary judgment. The trial court denied the City's motion and granted Alvarez's motion for summary judgment. In its final judgment, the trial court (1) declared that a vacancy in the position of fire captain occurred on March 6, 2001, as a result of Garcia's discharge; (2) ordered the City to promote Alvarez retroactively; and (3) awarded him back pay and attorney's fees.

### B. Plea to the Jurisdiction

In subpart one of its second issue, the City contends the trial court erred in denying its plea to the jurisdiction. Specifically, the City asserts the trial court did not have jurisdiction over this case because Alvarez failed to exhaust his administrative remedies before filing suit.

### 1. *Standard of Review*

■ A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action.

*City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied).

■ Because subject matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *State ex rel. State Dept. of Highways and Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). In determining whether jurisdiction exists, rather than looking at the claim's merits, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001); *Blue*, 34 S.W.3d at 555.

■ It is the plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Mission Consol. Indep. Sch. Dist. v. Flores*, 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Brown*, 80 S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

#### 2. *Analysis*

■ In his petition, Alvarez alleged the City violated his rights under section 143.036 of the Act by failing and refusing to promote him to the classified position of fire captain within sixty days after a vacancy was created in that classification as a result of Garcia's discharge. *See* TEX. LOC. GOV'T CODE ANN. § 143.036(h) (Vernon 1999).

■ When an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's claim. *Thomas v. Long,* 97 S.W.3d 300, 303 (Tex.App.-Houston [14th Dist.] 2003, pet. filed) (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex. 2002)). Until the exhaustion of administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss all claims within the agency's exclusive jurisdiction. *Subaru of Am.,* 84 S.W.3d at 221.

■ However, an agency has exclusive jurisdiction only when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *See id.* Whether an agency has exclusive jurisdiction depends upon statutory interpretation. *Id.*

■ An administrative agency such as the Civil Service Commission has only such powers as are expressly granted to it by statute, together with those necessarily implied from the authority conferred or duties imposed. *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158, 160 (1961). Where the statute does not provide for appeal to the commission, there is no administrative remedy to exhaust prior to appeal to the district court. *Perez v. City of Laredo,* 21 S.W.3d 371, 374 (Tex. App.-San Antonio 2000, no pet.).

The Act outlines specific procedures for making promotional appointments. A fire fighter eligible for promotion demonstrates entitlement to promotion by taking a promotional examination. *Klinger v. City of San Angelo,* 902 S.W.2d 669, 674 (Tex. App.-Austin 1995, writ denied); *see* TEX. LOC. GOV'T CODE ANN. § 143.032 (Vernon 1999). An eligibility list is created by ranking the examinees based upon their results on the examination. TEX. LOC. GOV'T CODE ANN. § 143.033 (Vernon 1999). Each promotional eligibility list remains in existence for one year after the date on which the examination is given, unless exhausted. TEX. LOC. GOV'T CODE ANN. § 143.036(h) (Vernon 1999). If an eligibility list exists on the date a vacancy occurs, the position must be filled within sixty days after the date the vacancy occurs. TEX. LOC. GOV'T CODE ANN. § 143.036(e) (Vernon 1999). The promotional eligibility list used to fill the vacancy is the one that exists on the date the vacancy occurs, even if that list expires before the position is actually filled. *Bostick v. Owens,* 423 S.W.2d 471, 472 (Tex.Civ.App.-Fort Worth 1968, writ ref'd n.r.e.). The eligible promotional candidate with the highest grade on the eligibility list shall be appointed unless the department head has a valid reason for not appointing that person. TEX. LOC. GOV'T CODE ANN. § 143.036(f) (Vernon 1999). If a valid reason exists for not appointing the candidate with the highest grade, the department head must personally discuss the reason with the person being bypassed before appointing another person and file the reason in writing with the commission. *Id.* "On application of the bypassed eligible promotional candidate, the reason the department head did not appoint that person is subject to review by the commission." *Id.*

The City argues that section 143.036(f) grants the commission power to review

Alvarez's claim. While we agree that section 143.036(f) expressly authorizes a civil service commission to hear appeals from promotional pass-overs, *see Stauffer*, 344 S.W.2d at 160 and *Cantu v. Perales*, 97 S.W.3d 861, 863 (Tex.App.-Corpus Christi 2003, no pet.), the issue in this case does not involve a promotional pass-over.

Because the City determined October 18, 2001, as the date the vacancy occurred, the City utilized the eligibility list in existence on that date. Unlike the eligibility list in existence on March 6, 2001, Alvarez was no longer the top-ranking candidate, but now the fourth-ranked candidate on the promotional eligibility list. Thus, he was not bypassed; rather, the first-ranked candidate on the eligibility list was promoted. Since Alvarez was not bypassed, there was no required discussion regarding the reason for being bypassed before appointing the first-ranked candidate, and such reason was not filed in writing with the commission as would otherwise have been required by section 143.036(f). *See* TEX. LOC. GOV'T CODE ANN. § 143.036(f) (Vernon 1999). Alvarez was not a "bypassed eligible promotional candidate," and no "reason the department head did not appoint that person" was provided to the commission. Therefore, Alvarez was not required to appeal to the commission under section 143.036(f) because, under the facts of this case, there was nothing for him to appeal.

The issue presented to the trial court was whether the vacancy occurred (1) on March 6, 2001, when Garcia was indefinitely suspended, or (2) on October 18, 2001, when Garcia's suspension was affirmed by the independent hearing examiner. Neither section 143.036(f) nor any other provision of chapter 143 of the local government code authorize the commission to determine this issue. Because the Act does not provide for appeal to the commission, we conclude there is no administrative remedy

to exhaust prior to an appeal to the district court. *See Perez*, 21 S.W.3d at 374. We therefore have jurisdiction to consider this appeal. Subpart one of the City's second issue is overruled.

## C. SUMMARY JUDGMENT

### 1. *Standard of Review*

■ We review the granting of a traditional motion for summary judgment de novo. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank-Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). To prevail, the moving party has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in its favor. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.* A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex.1997). When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

## 2. *Sovereign Immunity*

■ In subpart two of its second issue, the City contends the trial court erred in denying its motion for summary judgment because Alvarez's suit is barred by sovereign immunity from liability.

■ Sovereign immunity, unless waived, protects the State of Texas from lawsuits for damages absent legislative consent. *Gen. Servs. Comm'n. v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001). Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Immunity from liability protects the State from judgments, even where there is an express consent on the part of the legislature to permit a suit. *Id.* Immunity from liability is an affirmative defense that is waived if not pleaded. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (citing *Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex.1988)). Immunity from suit, on the other hand, bars a suit against the State unless the State expressly gives consent to the suit. *Fed. Sign*, 951 S.W.2d at 405. Immunity from suit then deprives a trial court of subject matter jurisdiction over the governmental agency, even if liability is undisputed. *Travis Co. v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002) (citing *Jones*, 8 S.W.3d at 638).

The City does not contest that immunity from suit is expressly waived by statute. *See* TEX. LOC. GOV'T CODE ANN. § 51.075 (Vernon 1999) ("The municipality may plead and be impleaded in any court"); *see also Webb v. City of Dallas, Texas*, 314 F.3d 787, 795–96 (5th Cir.2002) (citing *Missouri Pac. Ry. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex. 1970)) (holding section 51.075 of the local government code constitutes express waiver of municipality's immunity from suit). The City does argue that it is immune from liability. Nevertheless, because the City failed to plead immunity from liability as an affirmative defense, the defense is waived.[1] *See Jones*, 8 S.W.3d at 638.

We conclude the trial court did not err in denying the City's motion for summary judgment on the basis of sovereign immunity. Subpart two of the City's second issue is overruled.

## 3. *Vacancy*

■ In its first issue, the City contends the trial court erred in finding that a vacancy in the position of fire captain occurred on March 6, 2001, when Garcia was indefinitely suspended. The City asserts that a vacancy did not occur until the independent hearing officer determined whether permanent dismissal was appropriate. Because the term "vacancy" is not defined by chapter 143, the issue before us is one of statutory construction.

We review matters of statutory construction de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex.2000). In construing a statute, our primary objective is to determine and give effect to the Legislature's intent. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004); *City of San Antonio*, 111 S.W.3d at 25; *Gonzalez*, 82 S.W.3d at 327;

---

1. The City asserts that Alvarez failed to argue that the City waived the defense of immunity from liability in his response to the City's motion for summary judgment, and thus, he waived his "waiver" argument. However, on page 11 of "Plaintiff's Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment," Alvarez specifically stated, "... the City has not pled the affirmative defense of immunity from liability.... It has therefore waived that defense."

*see* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998). In discerning that intent, we look first to the plain and common meaning of the statute's words. *Gonzalez,* 82 S.W.3d at 327. We determine legislative intent from the entire act and not just isolated portions of the act. *City of Sunset Valley,* 146 S.W.3d at 642; *City of San Antonio,* 111 S.W.3d at 25. If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *City of Sunset Valley,* 146 S.W.3d at 642. We also consider the objective the statute seeks to obtain and the consequences of a particular construction. *Id.; see* TEX. GOV'T CODE ANN. § 311.023(3), (5) (Vernon 1998). With these principles in mind, we turn to the statutory language to be construed.

Section 143.036 reads, in relevant part:

(a) When a vacancy occurs in a nonentry position ... the vacancy shall be filled as prescribed by this section ... as applicable.

    \*    \*    \*    \*    \*    \*

(e) If an eligibility list exists on the date a vacancy occurs, the department head shall fill the vacancy by permanent appointment from the eligibility list furnished by the commission within 60 days after the date the vacancy occurs....

TEX. LOC. GOV'T CODE ANN. § 143.036(a), (e) (Vernon 1999).

██ A vacancy occurs as soon as the employee is permanently disqualified from further service. *Gibson v. Barbe,* 907 S.W.2d 646, 648 (Tex.App.-San Antonio 1995, no pet.). Thus, we must determine when Garcia was permanently disqualified from further service.

Alvarez argues that Garcia was permanently disqualified on March 6, 2001, when he was indefinitely suspended by the fire chief. Alvarez contends that section 143.052(b), which provides that "[a]n indefinite suspension is equivalent to dismissal from the department," supports his position. TEX. LOC. GOV'T CODE ANN. § 143.052(b) (Vernon 1999). However, we must look at the Act as a whole to determine whether such a "dismissal" is the equivalent of permanent disqualification.

Section 143.052(b) of the Act authorizes the department head to only suspend a fire fighter under the department head's supervision for the violation of a civil service rule. TEX. LOC. GOV'T CODE ANN. § 143.052(b) (Vernon 1999). The Act provides that a suspended fire fighter may appeal the suspension to the commission. TEX. LOC. GOV'T CODE ANN. § 143.052(d) (Vernon 1999). In rendering a decision on the appeal of a disciplinary suspension, the commission must state whether the suspended fire fighter is (1) permanently dismissed from the fire department, (2) temporarily suspended from the department, or (3) restored to the person's former position or status in the department's classified service. TEX. LOC. GOV'T CODE ANN. § 143.053(e) (Vernon 1999). Only after a finding by the commission of the truth of specific charges against the fire fighter may the commission suspend or dismiss a fire fighter for violation of civil service rules. TEX. LOC. GOV'T CODE ANN. § 143.053(g) (Vernon 1999).

Under the clear language of the Act, the department head may only *suspend* a fire fighter.[2] Nothing in the statute gives the

---

2. Because the statute does not define "suspend" or "suspension," we must construe the term according to its ordinary meaning. *See* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998).

"Suspension" is ordinarily defined as "temporary withdrawal or cessation from employment as distinguished from permanent sever-

department head the power to permanently dismiss a fire fighter. This authority is specifically reserved for the commission, after a finding of the truth of the charges against the fire fighter. *See* Tex. Loc. Gov't Code Ann. § 143.053(e), (g) (Vernon 1999). Therefore, we hold that Garcia's indefinite suspension did not create a vacancy. It was only after the commission made a finding on October 18, 2001, of the truth of the charges against Garcia and decided to permanently dismiss Garcia that a vacancy occurred. The City's first issue is sustained.

### D.  Attorney's Fees

■ In its third issue, the City contends the trial court erred in awarding Alvarez attorney's fees under the Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997). Specifically, the City argues that it is an abuse of discretion to award attorney's fees under the Declaratory Judgment Act when it is relied on solely as a vehicle to recover attorney's fees.

■ Section 37.004 of the Declaratory Judgment Act provides that "[a] person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004 (Vernon 1997). In his original petition, Alvarez (1) asked the trial court to declare that the City's failure to promote him within sixty days after a vacancy occurred on March 6, 2001, violated his rights under section 143.036 of the local government code, and (2) requested attorney's fees under section 34.009 of the civil practice and remedies code. We conclude

that his claim for declaratory relief required the construction of a statute and a declaration of his rights under the statute. *Id.* Therefore, his claim for declaratory relief was not merely incidental to an unrelated action.

■ The declaratory judgment act permits a trial court to award reasonable and necessary attorney's fees as are equitable and just. Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997). The grant or denial of attorney's fees in a declaratory judgment action is within the discretion of the trial court, and its decision will not be reversed on appeal absent a clear showing that it abused its discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). It may be appropriate to award attorney's fees to the prevailing party if such an award is equitable and just and the fees are reasonable and necessary. *See Sava Gumarska In Kemijska Industria v. Advanced Polymer Sciences, Inc.*, 128 S.W.3d 304, 323 (Tex.App.-Dallas 2004, no pet.). However, in a declaratory judgment action, the prevailing party is not entitled to attorney's fees as a matter of law. *Id.* at 324. In the exercise of its discretion, the trial court may decline to award attorney's fees to either party, or the trial court may award attorney's fees to the nonprevailing party. *Id.*

■ Reversal of the trial court's decision on a declaratory judgment does not necessarily mean the award of attorney's fees to the party who prevailed in the trial court was an abuse of discretion. *Id.* Awarding attorney's fees to the nonprevailing party is not in itself an abuse of discretion. *Id.* However, after a declaratory judgment is reversed on appeal, an award of attorney's fees may no longer be equitable and just. *Id.* Therefore, when we reverse a declaratory judgment, and

ance accomplished by removal." Black's Law Dictionary 1447 (6th ed.1990).

the trial court awarded attorney's fees to the party who prevailed at trial, we may remand the attorney's fee award for reconsideration in light of our disposition on appeal. *See id.* Because an award of attorney's fees under the declaratory judgment statutes falls within the trial court's discretion, we remand so the trial court may reconsider its decision to award attorney's fees in light of our disposition of this case.

## E. CONCLUSION

We reverse the trial court's judgment declaring that a vacancy in the position of fire captain occurred on March 6, 2001, and render judgment declaring that a vacancy in the position of fire captain occurred on October 18, 2001. We remand the issue of whether to award attorney's fees under the declaratory judgment act to the trial court.

## OPINION ON MOTION FOR REHEARING

Appellee, Eddie Alvarez, has filed a motion for rehearing. After reviewing the motion, the response filed by appellant, the City of Harlingen, and our prior opinion, we conclude that the motion for rehearing should be overruled.

Appellee presents one new argument in his motion for rehearing. Appellee argues that (1) the recent 2005 amendment to section 143.036(a) of the Texas Local Government Code provides that an indefinite suspension creates a vacancy, and (2) the amendment merely clarified existing law. *See* Act of May 27, 2005, 79th Leg., ch. 869, § 4, 2005 Tex. Gen. Laws 2950, 2952 (current version at TEX. LOC. GOV'T CODE ANN. § 143.036(a) (Vernon Supp.2005)). The amended version of article 143.036(a) provides,

A vacancy in a fire fighter position described by this subsection occurs on the date the position is vacated by: (1) resignation; (2) retirement; (3) death; (4) promotion; or (5) issuance of an indefinite suspension in accordance with Section 143.052(b).

TEX. LOC. GOV'T CODE ANN. § 143.036(a). Appellee argues that the 2005 amendments to chapter 143 of the local government code were clarifications of existing law, rather than changes. In support of his argument, appellee cites the bill analyses of Senate Bill No. 1050. *See* SENATE COMM. ON INTERGOV'T'L REL., BILL ANALYSIS, Tex. S.B. 1050, 79th Leg., R.S. (2005); *see also* HOUSE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. S.B. 1050, 79th Leg., R.S. (2005). The senate analysis states, in relevant part, as follows:

C.S.S.B. 1050 clarifies that the award of seniority points after a person takes a promotional examination is made if the person scores a 70 or above, and defines that a vacancy occurs in a non-entry position on the date a person resigns, retires, dies, or is promoted to a higher classification or is indefinitely suspended. Finally, C.S.S.B. 1050 clarifies the appeal options available to a fire fighter or police officer, when appealing a promotional passover.

SENATE COMM. ON INTERGOV'T'L REL., BILL ANALYSIS, Tex. S.B. 1050. Similarly, the house analysis provides, in relevant, as follows:

S.B. 2173[sic] will clarify the question of the award of seniority points after a fire fighter takes a promotional examination, establishes that a vacancy occurs in a non-entry level position on the date the person resigns, retires, dies, is promoted to a higher classification or is indefinitely suspended, makes clear the appeal options that a fire fighter has when appealing a promotional passover, and authorizes a city which has adopted state civil service under Chapter 143, Govern-

ment Code to make a one time adjustment to the employment status of employees in fire departments.

HOUSE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. S.B. 1050.

The language in both analyses indicates that S.B. 1050 *clarifies* the (1) award of seniority points and (2) appeal options available when appealing a promotional passover. However, the language in both analyses further indicates that S.B. 1050 *defines* or *establishes* when a vacancy occurs. Neither analysis indicates that S.B. 1050 is merely clarifying a prior definition of vacancy, nor could it, because the term "vacancy" was not statutorily defined prior to the amendment.

Furthermore, section 6(b) of S.B. 1050 provides, "The changes in law made by this Act to Sections 143.036 and 143.057, Local Government Code, apply only in relation to a promotional bypass that occurs *on or after* the effective date of this Act." Act of May 27, 2005, 79th Leg., ch. 869, § 4, sec. 6, 2005 Tex. Gen. Laws 2950, 2952 (emphasis added). Section 7 of S.B. 1050 provides, "This Act takes effect September 1, 2005." *See* Act of May 27, 2005, 79th Leg., ch. 869, § 4, sec. 7, 2005 Tex. Gen. Laws 2950, 2952. The language of S.B. 1050 clearly shows the legislature's intent that the amendment apply only to promotions occurring after September 1, 2005.

Appellee's motion for rehearing is overruled.

Opinion by Justice CASTILLO, *concurring and dissenting on motion for rehearing.*

I join the majority in overruling the motion for rehearing on the new argument

presented. However, I would grant rehearing to reconsider our disposition on original submission and, in that regard, respectfully dissent. *See Houston E. & W.T.R. Co. v. Jackson,* 299 S.W. 885, 886 (Tex.1927) (holding that the judgment of an appellate court has none of the elements of finality pending disposition of a motion for rehearing duly filed and has the power to address errors sua sponte as well as errors properly assigned) (citations omitted).

Appellant, the City of Harlingen, appealed the denial of its plea to the jurisdiction and the entry of summary judgment in favor of appellee, Eddie Alvarez.[1] Alvarez alleged that the City did not promote him from a promotional eligibility list and, instead, promoted a fire fighter from a later-created eligibility list. For the reasons more fully explained below, I would conclude that Alvarez did not exhaust administrative remedies and, thus, I would reverse and render.

## I. BACKGROUND

On March 6, 2001, appellee Eddie Alvarez was employed as a fire fighter with the rank of lieutenant with the City of Harlingen Fire Department. On that day, J.L. Garcia, his superior, was discharged from the position of fire captain/assistant fire marshal. Garcia appealed the discharge. During the pendency of Garcia's appeal, the City assigned a different lieutenant, Danny Warner, to fill Garcia's position. On October 18, 2001, the decision on Garcia's appeal upheld the termination of Garcia's employment. Warner remained in

---

1. The City presented three issues on appeal: (1) whether a "vacancy" occurred when the fire fighter was indefinitely suspended or when the civil service commission found permanent dismissal was appropriate; (2) whether Alvarez's suit is barred by (a) failure to exhaust his administrative remedies and appeal from a civil service commission decision, or (b) by governmental immunity from liability; and (3) whether the trial court erred in awarding attorney fees under the declaratory judgment act.

the position of fire captain/assistant fire marshal. Alvarez sued, alleging that he was entitled to the promotion to Garcia's position because the vacancy occurred on March 6, 2001, and he was the first-ranked candidate on the promotion eligibility list in effect on that day. The City maintained that the vacancy occurred on October 18, 2001, when Garcia exhausted his appeals. The City filed a plea to the jurisdiction, asserting that Alvarez did not exhaust administrative remedies under the civil service act. The trial court denied the plea. The parties filed competing summary-judgment motions based on their Joint Stipulation of Facts. The trial court granted Alvarez's summary-judgment motion, declared that a vacancy occurred on March 6, 2001, when Garcia was discharged, ordered the City to promote Alvarez retroactively, and awarded Alvarez back pay and attorney fees.[2] His appeal ensued.

On May 2, 2005, this Court received a post-submission letter brief from the City informing us of the City's promotion of Alvarez to the rank of Fire Captain. We requested a response from Alvarez. On May 23, 2005, we received the response, stating that while the City was "correct in its assertion that [Alvarez] was promoted to the rank of Fire Captain on January 28, 2004," the "portion of the judgment making the promotion retroactive to May 5, 2001 will still require implementation, as will the award of back pay, attorney fees, and pre—and post-judgment interest."

## II. PLEA TO THE JURISDICTION—STANDARD OF REVIEW

As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). If the district court lacks jurisdiction, then its decision would not bind the parties. *See id.* A decision that does not bind the parties is, by definition, an adviso-

2. The final judgment states:

On January 30, 2003, the parties appeared and were heard regarding cross-motions for summary judgment previously filed by them. Having considered the motions, and the written and oral arguments presented by the parties, the Court hereby makes the following rulings.

Defendant's motion for summary judgment is DENIED. Plaintiff's motion for summary judgment is GRANTED. The court finds and declares that a vacancy in the position of Fire Captain occurred in the Harlingen Fire Department on March 6, 2001 as a result of the discharge of a Fire Captain by the Fire Chief on that date. Plaintiff, as the highest ranked candidate on the Fire Captain eligibility list on March 6, 2001 was entitled to be promoted to Fire Captain by no later than May 5, 2001. The Court therefore ORDERS that Plaintiff have the following relief from Defendant.

1. Defendant is ordered to promote Plaintiff to Fire Captain retroactive to May 5, 2001, and to provide Plaintiff with back pay in an amount equal to the difference between what he actually was paid by Defendant and what he would have received had he been promoted on May 5, 2001.

2. Defendant is ordered to pay Plaintiff pre-judgment interest at the rate of 6% per year simple interest on the amount of back pay awarded in Paragraph No. 1 above. 3. Defendant is ordered to pay Plaintiff his reasonable attorney fees and costs in the amount of $6,375.00 for work performed in the District Court. Plaintiff's request for additional attorney fees for appellate work, if any, is denied.

4. Defendant is ordered to pay Plaintiff post-judgment interest at the rate of 10%, compounded annually, on all amounts awarded under this judgment.

5. Costs of court are taxed against the Defendant.

6. All relief not granted herein is denied. Signed this 4th day of March, 2003.

ry opinion prohibited by Texas law. *See id.*

A trial court's lack of subject matter jurisdiction is fundamental error and may be raised for the first time on appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 442–44 (Tex.1993). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.* However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact. *Id.*

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally in favor of the plaintiffs and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

## III. THE RECORD

In his live pleading, Alvarez alleged the following: (1) he was a fire fighter employed by the Harlingen Fire Department;[3] (2) he held the rank of lieutenant; (3) the City was a municipality governed by the Civil Service Act (the "Act"), Tex. Loc. Gov't Code Ann. § 143.036 (Vernon 1999);[4] (4) the City failed and refused to

---

3. "Fire fighter" means a member of a fire department who was appointed in substantial compliance with this chapter or who is entitled to civil service status under section 143.005 or 143.084 of the local government code. Tex. Loc. Gov't Code Ann. § 143.003(4) (Vernon Supp.2006).

4. Section 143.036 provides the procedure for making promotional appointments. It states:

(a) When a vacancy occurs in a nonentry position that is not appointed by the department head as provided by Sections 143.014 and 143.102, the vacancy shall be filled as prescribed by this section and Section 143.108, as applicable.

(b) If an eligibility list for the position to be filled exists on the date the vacancy occurs, the director, on request by the department head, shall certify to the department head the names of the three persons having the highest grades on that eligibility list. The commission shall certify the names within 10 days after the date the commission is notified of the vacancy. If fewer than three

names remain on the eligibility list or if only one or two eligible promotional candidates passed the promotional examination, each name on the list must be submitted to the department head.

(c) In a municipality with a population of less than 1.5 million, the commission shall submit names from an existing eligibility list to the department head until the vacancy is filled or the list is exhausted.

(d) If an eligibility list does not exist on the date a vacancy occurs or a new position is created, the commission shall hold an examination to create a new eligibility list within 90 days after the date the vacancy occurs or a new position is created.

(e) If an eligibility list exists on the date a vacancy occurs, the department head shall fill the vacancy by permanent appointment from the eligibility list furnished by the commission within 60 days after the date the vacancy occurs. If an eligibility list does not exist, the department head shall fill the vacancy by permanent appointment from an eligibility list that the commission

promote him when a vacancy occurred for the position of fire captain; (5) under the Act, the City was required to fill promotional vacancies from eligibility lists created as a result of competitive promotional tests; (6) because an eligibility list existed on the date a vacancy occurred, the City was required to fill the vacancy from that list within sixty days; (7) on or about March 6, 2001, a promotional vacancy occurred for the position of fire captain; (8) on that date, a vacancy occurred because of Garcia's disciplinary discharge; (9) a fire captain eligibility list existed on that date; (10) Alvarez was the top-ranked candidate on the list and, thus, presumptively entitled to promotion from the then-current eligibility list; and (11) the City filled the position from a later-created list.

In his declaratory judgment suit, Alvarez claimed that the City denied him the promotion to captain and the pay and benefits of the higher-ranked position. Alvarez sought the trial court's declaration that the City violated section 143.036 of the Act by its failure to promote him within sixty days of March 6, 2001, the date the vacancy allegedly occurred. Alvarez also sought injunctive and equitable relief, back pay, benefits, and attorney fees.

The City filed a plea to the jurisdiction asserting (1) Alvarez failed to exhaust his administrative remedies under section 143.015 of the Act,[5] and (2) governmental

---

shall provide within 90 days after the date the vacancy occurs. This subsection does not apply in a municipality with a population of 1.5 million or more.

(f) Unless the department head has a valid reason for not appointing the person, the department head shall appoint the eligible promotional candidate having the highest grade on the eligibility list. If the department head has a valid reason for not appointing the eligible promotional candidate having the highest grade, the department head shall personally discuss the reason with the person being bypassed before appointing another person. The department head shall also file the reason in writing with the commission. On application of the bypassed eligible promotional candidate, the reason the department head did not appoint that person is subject to review by the commission.

(g) If a person is bypassed, the person's name is returned to its place on the eligibility list and shall be resubmitted to the department head if a vacancy occurs. If the department head refuses three times to appoint a person, files the reasons for the refusals in writing with the commission, and the commission does not set aside the refusals, the person's name shall be removed from the eligibility list.

(h) Each promotional eligibility list remains in existence for one year after the date on which the written examination is given, unless exhausted. At the expiration of the one-year period, the eligibility list

expires and a new examination may be held.

Tex. Loc. Gov't Code Ann. § 143.036 (Vernon 1999)

**5.** *See* Tex. Loc. Gov't Code Ann. § 143.015 (Vernon 1999) (providing appellate review of commission decisions, respectively). Section 143.015 states:

(a) If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside. The petition must be filed within 10 days after the date the final commission decision:

(1) is sent to the fire fighter or police officer by certified mail; or

(2) is personally received by the fire fighter or police officer or by that person's designee.

(b) An appeal under this section is by trial de novo. The district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter. The relief may include reinstatement or promotion with back pay if an order of suspension, dismissal, or demotion is set aside.

(c) The court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party.

(d) If the court finds for the fire fighter or police officer, the court shall order the municipality to pay lost wages to the fire fighter or police officer.

immunity. In a separately-filed motion to dismiss, the City alleged that the trial court lacked subject matter jurisdiction because Alvarez failed to exhaust administrative remedies by not appealing to the civil service commission.[6] Alvarez countered that his non-appeal of the City's failure to promote him did not deprive the trial court of jurisdiction because questions of law relating to the interpretation of the civil service act were not properly appealable to the commission. Thus, the question properly before us is whether, on this record, the Act requires that Alvarez exhaust administrative remedies before filing suit. The City presented the question to the trial court in its plea to the jurisdiction and asserts it in the second issue.

## IV. THE CIVIL SERVICE ACT

### A. Eligibility List and Promotion Procedures

The parties did not dispute that the City is a municipality governed by the Act. *See* TEX. LOC. GOV'T CODE ANN. § 143.002 (Vernon 1999). Promotions within the Harlingen Fire Department must comply with the provisions of the Act. *Id.* § 143.036. The Act states that "an existing position or classification or a position or classification created in the future either by name or by increase in salary may be filled only from an eligibility list that results from an examination held in accordance with this chapter." *See id.* § 143.021(c); *see also id.* § 143.032 (promotional examination procedure). An officer's rank on the eligibility list is computed by adding his or her seniority points to his or her grade on the written examination. *See id.* § 143.033(c). An eligibility list is valid for one year from

the date the written examination is given. *See id.* § 143.036(h).

In his live pleading, Alvarez asserted generally that the City violated section 143.036 by promoting a fire fighter from a later-created eligibility list. In particular, Alvarez claimed the City did not promote him within sixty days after the vacancy that occurred on March 6, 2001. In the context of Alvarez's allegations, I turn to section 143.036(e) of the Act. Section 143.036(e) requires that if an eligibility list exists on the date a vacancy occurs, the department head must fill the vacancy within sixty days after the date the vacancy occurs. *See* TEX. LOC. GOV'T CODE ANN. § 143.036(e).[7] The City argues that the vacancy did not occur on March 6, 2001. Alvarez asserts that promotional vacancies occur on the date of the discharge and not the date appeals of the discharge decision are exhausted. He argues that his not being promoted to the position resulted from the fire chief's use of the wrong list, rather than from the chief "bypassing" him in order to make the promotional selection.

Alvarez alleged in his live pleading that no provision in the Act required that he complain first to the commission. The Act, however, does provide an aggrieved civil servant with a procedure to complain about matters relating to the enforcement and effect of chapter 143 and any rules adopted under it. In particular, section 143.009 states:

> The commission or a commission member designated by the commission may investigate and report on all matters relating to the enforcement and effect of this chapter and any rules adopted un-

---

TEX. LOC. GOV'T CODE ANN. § 143.015 (Vernon 1999)

**6.** "Commission" means the Fire Fighters' and Police Officers' Civil Service Commission.

*See* TEX. LOC. GOV'T CODE ANN. § 143.003(1) (Vernon Supp.2006).

**7.** See note 4.

der this chapter and *shall* determine if the chapter and rules are being obeyed. TEX. LOC. GOV'T CODE ANN. § 143.009 (Vernon 1999) (emphasis added). "May" creates a discretionary authority or grants permission or a power. TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005). "Shall" imposes a duty. *See id.* In the context of section 143.009, I turn to the City's issue.

### B. Administrative Remedies

Our primary objective when construing a statute is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003); *Kroger Co. v. Keng,* 23 S.W.3d 347, 349 (Tex.2000); *see* TEX. GOV'T CODE ANN. §§ 311.021, 311.023, & 312.005 (Vernon 2005). In discerning that intent, we begin with the plain and common meaning of the statute's words. *McIntyre,* 109 S.W.3d at 745. We must read the statute as a whole and not just isolated portions. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *See McIntyre,* 109 S.W.3d at 745. We also consider the objective the law seeks to obtain and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023(1),(5) (Vernon 2005); *see also id.* If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 177 (Tex.2004). We presume that the Legislature would not do a useless act. *Webb County Appraisal Dist.v. New Laredo Hotel,* 792 S.W.2d 952, 954 (Tex.1990). Thus, an agency will have exclusive jurisdiction only when a pervasive regulatory scheme indicates that the Legislature in-tended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *See Subaru of Am., Inc. v. David McDavid Nissan,* 84 S.W.3d 212, 221 (Tex.2002). If an administrative agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking review of the agency's action. *Cash Am. Int'l, Inc. v. Bennett,* 35 S.W.3d 12, 15 (Tex.2000). Until the party has exhausted all administrative remedies, a trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction. *Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992). However, when pure questions of law are involved, the doctrine of exhaustion of administrative remedies does not apply. *See Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 892 (Tex.1986). We must apply these principles to the jurisdictional question before us in the context of the civil service act. *See New Laredo Hotel,* 792 S.W.2d at 954.

### C. Discussion

The purpose of the Act is to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants. TEX. LOC. GOV'T CODE ANN. § 143.001(a) (Vernon 1999). The members of the commission must administer the chapter in accordance with this purpose. *See id.* at § 143.001(b). The commission is charged with determining, upon proper request, whether the chapter and rules are being obeyed. *See Id.* § 143.009(a). The Legislature provided the commission with tools to ensure compliance by giving it the power to administer oaths, issue subpoenas, and cause depositions of witnesses. *See id.* § 143.009(b). Accordingly, under sections 143.001 and 143.009, the commis-

sion's role was designed to create a fair, consistent, and orderly process to ensure chapter 143 is obeyed. *See City of Houston v. Jackson*, 42 S.W.3d 316, 322 (Tex. App.-Houston [14th Dist.] 2001, pet. dism'd w.o.j.); *see also City of Garland v. Byrd*, 97 S.W.3d 601, 606 (Tex.App.-Dallas 2002, pet. denied).

The act of filling a vacant position through the procedures outlined in the Act is not one committed to the discretion of a local fire chief. *See* TEX. LOC. GOV'T CODE ANN. § 143.036 (Vernon 1999). The department head has a mandatory duty to promote an eligible employee to fill an opening in a legally created civil service position. *Klinger v. City of San Angelo*, 902 S.W.2d 669, 674 (Tex.App.-Austin 1995, writ denied) (discussing the precursor statute); *see* TEX. LOC. GOV'T CODE ANN. §§ 143.028, 143.030, & 143.036 (Vernon 1999). An employee eligible for promotion demonstrates entitlement to promotion by taking a promotional examination. *Klinger*, 902 S.W.2d at 674. A fire fighter's ranking on an eligibility list created from the results of a competitive promotional examination establishes the person's entitlement to promotion. *Id.* Absent proof of an exception, the person at the top of the list which exists when a vacancy occurs has the primary right to be promoted to fill the vacancy and is entitled to that promotion within the statutory time-period, no later than the last date permitted by statute. *Id.* When a city fails to fill a vacancy in compliance with the Act, the person who properly should have obtained the promotion is entitled to retroactive promotion and back pay, effective the last day the city could lawfully have filled the vacancy. *See id.*

Keeping these principles in mind, I turn to the merits of the City's plea to the jurisdiction. Nothing in the plain language of section 143.009 indicates the Legislature intended that a party litigate a dispute arising from an alleged failure to follow the promotional procedures mandated in the Act without first complaining to the commission. *See* TEX. LOC. GOV'T CODE ANN. § 143.009 (Vernon 1999). The Act, however, does provide for de novo judicial review upon an adverse decision by the civil service commission. *See id.* § 143.105. Thus, I turn to the question of whether undisputed evidence of jurisdictional facts establishes the trial court's jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 226.

This Court has held that, under the Act, the commission has jurisdiction to hear appeals from promotional pass-overs, disciplinary suspensions, and demotions. *Cantu v. Perales*, 97 S.W.3d 861, 863 (Tex. App.-Corpus Christi 2003, no pet.) (citing TEX. LOC. GOV'T CODE ANN. §§ 143.034, 143.053, & 143.054 (Vernon 1999 & Supp. 2006)). Section 143.034 of the Act, however, accords an examinee the right to appeal to the commission a complaint regarding a grade received on the civil service examination. The section does not address a promotional pass-over. Even so, *Cantu* holds that the commission has jurisdiction to hear appeals from pass-overs. *See Cantu*, 97 S.W.3d at 863.

### D. Disposition

I have reviewed the civil service act and section 143.009 in connection with the other provisions of the Act. Application of the rules governing administrative jurisdiction leads to one result in this case. I conclude that the commission's role is to create a fair, consistent, and orderly process to ensure chapter 143 is obeyed, *Jackson*, 42 S.W.3d at 322, and the commission has the power to ensure that enforcement. TEX. LOC. GOV'T CODE ANN. § 143.009 (Vernon 1999); TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005). The commission further

has a duty to determine if the chapter and rules are being obeyed. TEX. LOC. GOV'T CODE ANN. § 143.009 (Vernon 1999); TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005).

I further conclude that the Legislature intended that a municipality governed by the civil service act be afforded the opportunity to correct its own errors by resolving disputes before incurring the expense and efforts of defending itself in litigation. *See City of New Braunfels v. Allen*, 132 S.W.3d 157, 166 (Tex.App.-Austin 2004, no pet). Similarly, a complaining party may be successful in vindicating his rights in the administrative process and never have to resort to court. *See Tex. Air Control Bd. v. Travis County*, 502 S.W.2d 213, 215–16 (Tex.App.-Austin 1973, no writ). A fire fighter receiving an adverse decision from the commission has the right to appeal to a district court. TEX. LOC. GOV'T CODE ANN. § 143.015 (Vernon 1999).

Accordingly, I conclude that the commission has exclusive jurisdiction over a chapter 143 dispute that alleges a violation of the Act by a fire fighter complaining a municipality promoted a different individual based on a later-created eligibility list before judicial review is sought. I further conclude that the plain meaning of section 143.009 imposes the duty on the commission to determine if section 143.009 is being obeyed. The Act presents a pervasive regulatory scheme that indicates the Legislature intended for the appeal process to the commission be the exclusive means of remedying the dispute before litigation.

Alvarez's live pleading complains that a civil service rule was not followed. He did not request a hearing or conflict resolution with the civil service commission and, it follows, the civil service commission has not issued any final decision. The City maintains that, as such, the trial court had no jurisdiction over Alvarez's claim, and, thus, the City's plea to the jurisdiction should have been granted. Because I conclude that the record affirmatively establishes that Alvarez was required to appeal to the civil service commission before filing suit, I would hold that the trial court lacked jurisdiction over this case. Thus, the trial court should have granted the City's plea to the jurisdiction.

The fact that Alvarez sought a declaratory judgment does not dictate a different result.[8] Alvarez did not seek a declaration of the validity or invalidity of the civil service act. He requested the trial court to declare when a "vacancy" occurred. However he also claimed a violation of the Act, and sought damages and attorney fees. Therefore, Alvarez's cause did not involve a pure question of law.

Indeed, the Act in effect at the pertinent time does not define "vacancy." I conclude that Alvarez's complaint is premised on whether the City violated chapter 143 of the Act by not promoting him. In particular, Alvarez alleged a complaint that falls within the purview of section 143.009 of the civil service act. By his suit, Alvarez complained that the department head in charge of promotion did not use the eligibility list in which Alvarez ranked first but promoted from a second

---

8. Mindful that administrative remedies requirements of the Act are not prerequisites to a declaratory judgment action regarding the construction or validity of the Act, I pause to address Alvarez's argument that the trial court had jurisdiction over a declaratory judgment action. *See Garcia–Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 378

(Tex.App.-Corpus Christi 1999, no pet.) (concluding that exhaustion of administrative remedies is not required where the action seeks declaratory judgment concerning applicability or validity of an agency rule). Alvarez requested the trial court to declare when a "vacancy" occurred.

list in which Alvarez ranked fourth, in violation of the Act. As such, Alvarez's remedy was to appeal to the civil service commission. The trial court lacked subject matter jurisdiction over Alvarez's claims as Alvarez's pleadings do not, nor can they by further amendment, satisfy the requirement to exhaust administrative remedies as called for by the civil service act. The essence of Alvarez's suit was to complain about a failure to promote from a statutorily required eligibility list and seek damages. Even assuming the trial court had jurisdiction to declare when a vacancy occurred, the trial court did declare when the vacancy occurred and awarded damages and attorney fees. The trial court ordered the City to promote Alvarez and then provided Alvarez the relief accorded a promoted fire fighter under the Act. The Legislature could not have intended that an aggrieved civil servant obtain through litigation the relief accorded by the Act without allowing the municipality to correct its alleged error through statutorily established administrative remedies. The Act allows an appeal of an adverse decision from the civil service commission to district court by a trial de novo. *See* Tex. Loc. Gov't Code Ann § 143.105 (Vernon 1999).

The Act does not expressly reserve jurisdiction exclusively to the commission, but the interpretation I apply today does not lead to an absurd result. That Alvarez filed suit under the declaratory judgment act does not compel a different result. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.002 (Vernon 1997). The case was presented to the trial court on the parties' Joint Stipulation of Facts.[9] *See* Tex.R. Civ. P. 263; *see also Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex.2004).

The purpose of a declaratory judgment is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations-it is to be liberally construed and administered. Tex. Civ. Prac. & Rem.Code. Ann. § 37.002(b) (Vernon 1997). However, a request for declaratory relief alone does not confer jurisdiction, nor can it change the basic character of a suit. *See Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996); *State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994); *Tex. Ass'n of Bus.,* 852 S.W.2d at 444. In this case, Alvarez did not exhaust his administrative remedies before filing his lawsuit. The declaratory-judgment action cannot stand on its own. *Morales,* 869 S.W.2d at 947. The declaratory-judgment action did not involve pure questions of law, and so the doctrine of exhaustion of administrative

---

9. Rule 263 states:

> Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause.

Tex.R. Civ. P. 263.

The stipulation was not signed and certified by the trial court as rule 263 requires. However, it is apparent that the parties relied on the stipulated facts for their summary judgment motions. Even when the parties do not follow the technical requirements of rule 263, if the final judgment appears to be the product of a rule 263 agreed case, the appellate court should treat it as one. *Trinity Universal Ins. Co. v. Fid. Cas. Co.,* 837 S.W.2d 202, 203 (Tex.App.-Dallas 1992, no writ) (concluding that stipulations were binding on court though judge did not sign certificate); *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys.,* 784 S.W.2d 122, 125 (Tex.App.-Austin 1990, writ denied) (treating telephone conference as "a submission upon an agreed statement"). Therefore, I would consider this appeal as an agreed case under Tex.R. Civ. P. 263. *See City of Galveston v. Giles,* 902 S.W.2d 167, 172 (Tex.App.-Houston [1st Dist.] 1995, no pet.).

remedies applies. *Tolar Indep. Sch. Dist.*, 707 S.W.2d at 892.[10]

In sum, the employment relationship between the City and its aggrieved employee is governed by the civil service act. Tex. Loc. Gov't Code Ann. § 143.002 (Vernon 1999). A party's failure to exhaust its administrative remedies deprives the trial court of jurisdiction. *See Gibbud v. Moron,* 972 S.W.2d 797, 800 (Tex.App.-Corpus Christi 1998, pet. denied). Alvarez did not request a hearing or conflict resolution with the civil service commission.

Because the issue is dispositive of all jurisdictional issues, I do not address the City's remaining issues. *See* Tex.R.App. P. 47.1; *Miranda,* 133 S.W.3d at 228.[11]

## V. CONCLUSION

The undisputed evidence of jurisdictional facts negates the trial court's jurisdiction as a matter of law. *Miranda,* 133 S.W.3d at 226. I would sustain the City of Harlingen's second issue on appeal com-plaining of the trial court's denial of its plea to the jurisdiction. Exhaustion of administrative remedies was a jurisdictional prerequisite for Alvarez's complaint. I would revisit our disposition on original submission and reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing this case for lack of subject matter jurisdiction. *Dallas County Appraisal Dist. v. Funds Recovery,* 887 S.W.2d 465, 468 (Tex. App.-Dallas 1994, writ denied); *see Nabejas v. Tex. Dep't of Pub. Safety,* 972 S.W.2d 875, 876 (Tex.App.-Corpus Christi 1998, no pet.).

---

**10.** The trial court afforded Alvarez the relief allowed a promoted fire fighter under the Act. *See* Tex. Loc. Gov't Code Ann. §§ 143.053, 143.121 (Vernon 1999 & Supp.2006); *see also* Tex. Loc. Gov't Code Ann. § 143.108(c) (Vernon 1999).

**11.** Additionally, I note that upon receipt of Alvarez's post-submission reply brief, it became evident that the relief sought in this case is not available to Alvarez. *See City of San Benito v. Ebarb,* 88 S.W.3d 711, 720 (Tex.App.-Corpus Christi 2002, pet. denied). The brief stated that the issues of (1) whether the promotion is retroactive to May 5, 2001, and (2) the award of back pay, attorney fees, and pre—and post-judgment interest still remained. A declaratory judgement is only appropriate if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.006(b) (Vernon 1997); *see also Ebarb,* 88 S.W.3d at 720. In a proceeding for declaratory judgment, the court may award costs and attorney's fees. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997); *see also Ebarb,* 88 S.W.3d at 720. While the court may also award further relief when necessary and proper, such relief must be within the existing jurisdiction of the court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.011 (Vernon 1997); *see also Ebarb,* 88 S.W.3d at 720. Additionally, while some courts have held that injunctive relief can be properly sought in a declaratory judgment action, a request for injunctive relief does not equate to a request for damages. *See Ebarb,* 88 S.W.3d at 720. A suit which is brought ostensibly for the purpose of declaring rights, but actually seeks to impose liability on the state for damages, is a suit against the state barred by sovereign immunity. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 856–57 (Tex.2002). Private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim. *Id.* (citing *W.D. Haden Co. v. Dodgen,* 158 Tex. 74, 308 S.W.2d 838, 842 (Tex.1958)).